Craighead *v.* Wells.

CRAIGHEAD, Appellant, *vs.* WELLS & NICKEL, Respondents.

1. A case will not be reversed for the admission of evidence objected to, unless an exception is saved, nor for the admission of irrelevant evidence unless it was calculated to prejudice or mislead the jury.
2. In an action for the breach of a contract to work for a specified time in California, in consideration of an outfit furnished, evidence of the value of the outfit is properly excluded, as it cannot affect the measure of damages.
3. In such an action, a witness may be permitted to state what wages he received in California, as bearing upon the question of the value of labor there.

4. Rebutting evidence is that which directly impeaches or weakens that offered by the opposite party, and not that which is merely cumulative, or the proof of the same things already proved by another witness.

5. Infancy is a good defence to an action for the breach of a contract to work in California in consideration of an outfit furnished, although there has been no offer to return the outfit.

6. An instruction putting hypothetically to the jury facts of which there is no evidence, is erroneous.

7. A party's own acts and declarations are no evidence of his agency against the party for whom he assumes to act as principal.

## *Appeal from Callaway Circuit Court.*

This was an action to recover damages for the alleged breach of an agreement under seal, by which the plaintiff contracted to furnish to the defendants " one wagon and team (in conjunction with Alfred Bowman, part of said wagon and team,) and provisions for an overland trip to California, " in consideration of which the defendants bound themselves, " jointly and severally, to pay to said Craighead the one-half of all the net profit that they may make from the first six months' work after they have gotten to work in the mines of California, or in other employment which they can make most profitable, counting the time so employed."

The petition alleged that the plaintiff performed the agreement on his part, and in conjunction with Bowman, provided a good and suitable wagon and team, and provisions sufficient for an overland trip, with which the defendants and Bowman started for California; and assigned for breaches on the part of the defendants that they abandoned the trip before reaching California, and failed to work in the mines there or pursue any other profitable employment.

The defendants answered that the team furnished by the plaintiff was not suitable or sufficient, and was abandoned because unable to make the trip; and that they were driven from the team by Bowman, under whose exclusive control, as his agent, plaintiff had placed it. The defendant, Nickel, also relied upon infancy as a defence.

At the trial, the plaintiff offered evidence tending to show that the outfit furnished by him was entirely sufficient, and that the failure of the team was caused by the hard driving and ill usage of the defendants. Bowman, who was introduced as a witness for the plaintiff, testified that he owned one-fourth of the outfit, but was not the plaintiff's agent, and had no more control over it than the defendants. After the defendants left him at Fort Kearney, he joined another company, and left the wagon behind, but took the cattle with him to California. In answer to a question on cross-examination, if he did not draw a gun on one of the defendants, he admitted that he did. This evidence was objected to, but the record shows no exception saved. The plaintiff offered to prove by this witness the value of the outfit furnished by him, but the evidence was excluded, and an exception taken. One of the plaintiff's witnesses, in answer to a question on cross-examination, testified that he saw Bowman intoxicated on the road. This evidence was objected to as immaterial, but admitted, and an exception taken. The plaintiff also offered evidence tending to show the value of labor in California.

The defendants then offered evidence tending to show that the cattle furnished by plaintiff were not old and strong enough to make the trip; that Bowman was intemperate and abusive; that he exercised control over the team, declared that he was plaintiff's agent, and finally ordered defendants to leave. The record shows that the declarations of Bowman, as to his agency, were objected to, but does not show that any exception was taken to their admission. There was no other evidence of Bowman's agency. Ferre, a witness for defendants, was permitted to state what he got a day for working in California, to which plaintiff excepted. There was evidence that Nickel was a minor when the contract was made.

At the close of the testimony for the defendants, the plaintiff offered by way of rebuttal additional evidence as to the sufficiency of the outfit, but it was excluded, and he excepted.

The 2d instruction asked by plaintiff, and refused, was as follows :

2. The time when the defendants were required to work in the mines of California, or pursue some other profitable employment while there, is not to be taken or construed to be the first six months after they may have arrived in California ; but the true meaning and construction of their contract is, that they should commence and prosecute their said six months' labor in the gold mines or other profitable employment, taking into consideration surrounding circumstances, as ordinary prudent business men would do in a similar case ; and should they have attempted to work at a time or during a season when no prudent business man would attempt so to do, or should they attempt to work at times or under circumstances when they could not reasonably expect to make their labor profitable to themselves or plaintiff, the same ought not to be computed as part of the time during which they agreed to work.

The fourth instruction asked by plaintiff, and refused, was to the effect that the defendant, Nickel, could not avail himself of the plea of infancy, unless he had returned or offered to return the property received under the agreement.

The second instruction given for the defendants was as follows :

" If Bowman was the agent of plaintiff, and as such had the possession of the wagon and team and provisions between here and Fort Kearney, the plaintiff is bound by his acts and declarations in reference to said wagon and team and provisions. And if Bowman, in such case, behaved himself so badly, and abused defendants so that they could not continue their journey with him, or drove them off from said wagon and team, without any fault of theirs, then the defendants were excused from the performance of their part of the contract, and the jury will find for defendants."

There was a verdict for defendants, and the plaintiff appeals.

*Morrow* and *Haydens*, for appellant.

*Gardenhire, Jones & Hardin*, for respondents.

Craighead *v.* Wells.

Scott, Judge, delivered the opinion of the court.

1. The main point on which the appellant relied for a reversal of this judgment is not saved by the bill of exceptions. The evidence in relation to the agency of Bowman was objected to by the appellant, but it does not appear that he saved any exceptions to its admission.

The defence mostly relied on was, that Bowman, the son-in-law of the appellant, was his agent in the undertaking, and by his conduct compelled the respondents to leave his service. Evidence of the acts and declarations of this Bowman to prove his agency, were given in evidence, to which the appellant objected, but it does not appear that any exception was taken to the action of the court in admitting this evidence. The fact testified to by some of the witnesses, that Bowman was intemperate in the use of intoxicating liquors, to which an exception was taken, may have been irrelevant, but its admission could not create such an effect as would warrant the reversal of the judgment. Matter may be irrelevant or impertinent, yet, if it is not of a nature to mislead, inflame or prejudice the jury wrongfully, its admission in evidence cannot be assigned for error.

2. There was no impropriety in excluding the evidence showing the value of the outfit furnished by the appellant, as that was not the measure of the damages sustained by him by the breach of the contract on the part of the respondents. For furnishing the outfit, the appellant was to be requited in services, to be performed in California. The value of those services was the standard by which the damages incurred by him were to be ascertained.

3. There was no error in permitting the witness, Ferre, to testify as to the amount he earned in California by the day. The amount earned by him was some evidence of the value of labor in that country.

4. The evidence in relation to the sufficiency of the team, offered by the appellant after the respondent had closed his case,

was not rebutting evidence. Rebutting evidence is not that which is merely cumulative, or the proof of the same things already proved by another witness, but it is evidence which directly impeaches or weakens that offered by the opposite party.

We cannot say that the court erred in refusing to instruct, as was required by the second direction prayed by the appellant. In saying this, it is not our intention to convey the idea that the meaning of the agreement between the parties was, that the respondents should work for the appellant during the six months which immediately succeeded their arrival in California. Had the instruction prayed for contained this idea alone, which would have been sufficient for all the purposes of the appellant, we will not say it would have been unwarranted. But the instruction asked is not very easily understood, and as it professes to go on the equity of the thing, we are of the opinion it should have made some reference to the support and maintenance of the respondents, had they been compelled to remain idle after their arrival in California. Would they have remained in a state of idleness at their own expense, or at the joint expense of the parties to the contract?

5. There was no error in refusing the fourth instruction asked by the appellant, as to the power of disaffirming the contract in Nickel, by reason of his infancy; nor in giving the instruction in relation to infancy prayed by the respondent, Nickel. The rule that, if an infant avoids an executed contract, when he comes of age, on the ground of infancy, he must restore the consideration which he had received, has no application to the circumstances of this case. This is no executed contract. It is an agreement on the part of an infant to perform services in consideration of provisions previously furnished, and if infancy is not a good plea against a contract of that nature, it is not easy to see of what avail such a defence is in law.

We are of the opinion that the second instruction given for the respondents was erroneous. There was no evidence in the case which warranted the court in putting the question of agency hypothetically to the jury. The declarations of Bowman to

that effect were not evidence that he was Craighead's agent. The respondents, it is presumed, must have known Bowman. They had as much authority in conducting the adventure as Bowman, and if they yielded to his exactions or commands, however unreasonable, or suffered themselves to be driven away by his conduct, it is no reason that Craighead should suffer the consequences.

With the concurrence of the other judges, the judgment will be reversed, and the cause remanded.