JOHN MAY, Adm'r, *et al.*, Respondents, v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY *et al.*, Appellants.

Kansas City Court of Appeals, November 22, 1897.

1. **Principal and Agent:** LENDER AND BORROWER: WHOSE LOSS. A borrower directed the lender in writing to pay the money to C. and the writing should be as a receipt. *Held,* C. was the agent of the borrower to receive and apply the money and any loss from his misapplication thereof must fall on the borrower.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*Beardsley & Gregory* for appellants.

(1)   Jarvis, Conklin & Company and Cross were
agents of the borrower and not of the Mutual Benefit
Life Insurance Company.   The borrower paid their
commissions in giving the second mortgage of $250.
They acted on his behalf in obtaining the loan from
the insurance company.   *Knox Co. v. Goggin,* 105 Mo.
182; *Englemann v. Reuse,* 61 Mich. 395; *Padley v. Cat-
terlin,* 64 Mo. App. 629; *Thomas v. Desney,* 57 Iowa,
58; *Smith v. Wolf,* 55 *Id.* 555.   (2)   The fact that the
borrower made written order to pay the money over to
Cross, warranted the payment in being so made, and
that at his risk.   *Robinson v. Jarvis,* 25 Mo. App. 421;
*Land Mtg., etc., Co. v. Vinson,* 17 S. Rep. 23; *Am. Mtg.
Co. v. King,* 16 *Id.* 889.   Although Cross may not have
been the agent of the borrower in taking the applica-
tion for loan, there was no reason why he might not in
the same transaction become the agent of the borrower
to receive the money on the loan.   *Bank v. Dunbar,*
118 Ill. 625; *Nolte v. Hulbert,* 37 Ohio St. 445; *Short v.
Millard,* 68 Ill. 292; *Fitzsimmons v. Express Co.,* 40 Ga.
330.

*Sheets & Davis* and *Miller & Wait* for respondents.

(1)   Jarvis-Conklin Company were the agents of
the Mutual Benefit Life Insurance Company and so
was Mr. Cross.   *McLain v. Fickle,* 62 N. W. Rep. 753;
*Larson v. Investment Co.,* 53 N. W. Rep. 179; *Milstead
v. Ins. Co.,* 49 Mo. App. 191; *Hall v. Harding,* 59
N. W. Rep. 985; *State v. Bank,* 18 S. Rep. 533; *John
May, Adm'r, v. Jarvis-Conklin,* by supreme court, 40
S. W. Rep. 122.   (2)   Furnishing blanks, paying
commission, is persuasive evidence of agency.   *Sum-
merville v. R. R.,* 62 Mo. 391.

GILL, J.—This suit was originally brought by Thos. W. Foster, who has since died, and the action is now prosecuted by his administrator and heirs. Its purpose was to enjoin the sale of certain real estate about to be sold in the foreclosure of a deed of trust made to secure a loan made to said Foster by the defendant life insurance company.

In May, 1886, Foster, desiring to borrow $2,500 on some farm lands he owned in Livingston county, made a written application therefor through one J. C. Cross, of Chillicothe, Missouri, to Jarvis, Conklin & Company, loan agents at Kansas City. The application states that, "I, Thomas W. Foster, the undersigned, * * * do hereby appoint Jarvis, Conklin & Company, of Kansas City, Missouri, as my agent to procure for me a loan of twenty-five hundred dollars for the term of five years * * * secured by first mortgage or trust deed upon the following land," then follows a description of the land and improvements, with a statement of the incumbrances thereon, among which was a mortgage lien for $600 in favor of a third party. Foster stated that the money was to be borrowed to pay these incumbrances. In the same instrument Foster also agreed "to pay said Jarvis, Conklin & Company or J. C. Cross, their agent, a commission for their services in negotiating this loan," etc.

In due season the application, appraisement and abstracts of title were forwarded to Jarvis, Conklin & Company, whose attorney passed on the title pointing out the incumbrances, etc. Thereupon Jarvis, Conklin & Company prepared and returned to Chillicothe the note for $2,500 payable to defendant life insurance company with deed of trust to secure same, as also a note and subsequent deed of trust for $250 to cover

amount going to said Jarvis, Conklin & Company and said Cross as commissions for effecting the loan. We may as well remark here that this commission note was afterward paid by Foster and that said Cross received thereof $62.50 as his portion or compensation for securing the application.

These papers were all executed by Foster, the deed of trust was placed on record in the recorder's office at Chillicothe, and then all forwarded to Jarvis, Conklin & Company at Kansas City. Along with these papers Foster sent the following order directed to said Jarvis, Conklin & Company: "Pay to J. C. Cross or order the full amount due us on the loan negotiated by you for us with the Mutual Benefit Life Insurance Company and this shall be your receipt therefor.

"(Signed)         THOMAS W. FOSTER."

The Jarvis-Conklin firm turned the papers belonging to the loan over to the life insurance company who in turn furnished the $2,500, and this was at once remitted to J. C. Cross at Chillicothe as required by Foster's order just quoted. Out of this Cross paid all the incumbrances on the land, as indicated by the abstract, and got proper releases, but failed to pay the $600 mortgage. As to this he attached to the abstract a forged acknowledgment of satisfaction and appropriated the $600 to his own use.

Foster failing to pay the loan when it matured, the trustee in the deed of trust as requested by the beneficiary insurance company, proceeded to advertise the land for sale, and thereupon this suit was begun. The circuit court found the issues for the plaintiff holding that Foster only received $1,900 out of the $2,500, and reducing the incumbrance in the sum of $600 the amount embezzled by Cross.

The decision of this case turns on the question as to who shall be responsible for the $600, wrongfully

converted by Cross.   Through the agency of Jarvis, Conklin & Company, Foster borrowed the $2,500 from the Mutual Benefit Life Insurance Company.   Cross, the Chillicothe party who took Foster's application, received from the lender the entire sum, but failed to pay off a prior mortgage of $600 or in any way to account to the borrower for that portion of the money. Who shall bear the loss resulting from this misconduct of Cross?

The question is simply one of agency.   In receiving and disbursing the $2,500, did Cross act as the agent of the lender or the borrower—of the insurance company or of Foster?   If in handling this money Cross was agent for Foster, then it is clear that the latter must suffer the loss.

It seems to me too plain for argument that Cross was in the transaction the agent of Foster, the borrower. Whatever may have been the relation of Cross to the parties before the money was paid over, it is clear that Foster, by the order given after the execution of the papers, constituted Cross as his agent to receive the proceeds of the loan.   In explicit terms Foster then commands Jarvis, Conklin & Company to pay the full amount due him on the loan to J. C. Cross and that "this shall be your receipt therefor," and in pursuance of this request the entire $2,500 was paid to Cross. This was clearly a payment to Foster, since it was a payment to one he authorized to receive the money. Doubtless, Jarvis, Conklin & Company expected that Cross would properly apply the money to the satisfaction of the prior liens and thereby protect the loan then being made to the insurance company.   But this can have nothing to do with the question as to whose agent Cross was in receiving and paying out the money borrowed.   It was the duty of Foster, the borrower, to pay off the prior incumbrances, and it would seem that

Talbot v. C. & A. R'y Co.

he intended Cross to do this out of the money gotten from the insurance company. But Foster's agent, Cross, abused the trust and such misapplication of the fund must be visited on the loss of the agent's principal (Foster) and not on the insurance company who in good faith paid the money to his (Foster's) agent as it was ordered to do. The principles announced in *Knox County v. Goggin*, 105 Mo. 182, and *Robinson v. Jarvis*, 25 Mo. App. 421, are applicable and clearly deny the plaintiffs' right of recovery in this case. See, also, *Englemann v. Rense*, 61 Mich. 395; *American Mortgage Co. v. King*, 105 Ala. 358; *Land Mortgage Co. v. Vinson*, *Id*. 389.

Judgment reversed and cause remanded. All concur.