G. M. BONNER et al., Appellants, v. WILLIAM T. LISENBY et al., Respondents.

**St. Louis Court of Appeals, January 15, 1901.**

1. **Agency: EVIDENCE OF: AGENT'S AUTHORITY.** Agency and the scope of an agent's authority are facts to be proved like other facts, and they may be proved either by showing the terms of the contract between the alleged principal and agent, or they may be proved by the transactions which have taken place between the principal and agent.

2. ——: ——: ——. And evidence of a course of dealing by an agent sanctioned by his principal, is one mode of proving the extent of the agency.

3. ——: ——: ——: KNOWLEDGE OF PARTY. And such evidence is admissible, whether the party introducing it knew, at the time of the transaction in controversy, that the dealings had taken place or not.

4. ——: ——: ——: POSSESSION OF NOTES: PAYMENT OF NOTES. In the case at bar, the payment of the notes given by plaintiff to Lisenby, was in effect a payment of the principal, and this is so irrespective of the fact that said agent did not then have actual possession of the notes, or that his authority to receive payment was at the time unknown to plaintiff.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

REVERSED AND REMANDED *(with directions).*

No briefs furnished reporter.

BOND, J.—This cause was hitherto transferred by this court to the Supreme Court because it involved title to land and was, therefore, under the Constitution, within the exclusive appellate jurisdiction of that tribunal. It has been returned to us for decision under the mandate of that court, accompanied by its opinion to the effect that it does not involve title to real estate. We accordingly proceed to dispose of the case as if jurisdiction to do so had been vested in us by the appeal from the judgment of the trial court.

The action was brought by George Bonner and wife to cancel certain notes and deed of trust on forty acres of land, executed by the plaintiff to secure said notes, on the ground that the notes had been paid and discharged in full and the deed of trust thereby extinguished. The suit is against the

indorsee on the notes with whom the trustee in the deed of trust is made co-defendant, and a preliminary injunction was asked to stay the threatened foreclosure of the deed of trust. The defense was that the notes in question had been transferred by the payee as collateral security for his individual note for $2,000 held by defendant Gottfried, and that said collateral notes were wholly unpaid and in the possession of said transferee.

I.    The uncontradicted evidence is that the amount due on the notes secured by the deed of trust was paid to the payee named in said notes on July 24, 1891, by means of a sum of money then borrowed for that purpose on a second deed of trust, whereupon said payee (one J. W. Lisenby), entered of record the satisfaction of said deed of trust, but did not deliver to plaintiff or his agent for the making of such payment (one Bunger), the notes themselves, they being at the time in the possession of defendant Gottfried who held them, together with others aggregating $3,500 to $3,800 as collateral security for a note given by the said Lisenby for $2,000.

Upon these facts it is apparent that the only question presented is, whether or not the said Lisenby was the agent of the transferee of the notes to receive the payment thereof made to him? There seems to be little doubt that such agency on the part of said Lisenby is shown by the clear preponderance of the evidence in the record. The testimony of J. W. Lisenby is to the effect that in the course of dealings between himself and his creditor, defendant Gottfried, he was authorized to collect any and all of the collateral notes which he had transferred to secure his own debt, whether they were handed to him for that purpose or were retained in the hands of the creditor, and that he was not required to pay the particular proceeds of such collections, but was permitted to account for same out of his own moneys. The testimony of defendant

Gottfried in his cross-examination as to the notes in suit is, to-wit:

"Q. When did he give you the Bonner notes? A. About eight years ago. Q. You never made any effort to collect them at all? A. That was Lisenby's business; he come and got them. Q. Why didn't you make some effort to collect the Bonner notes? A. Well, I left it all to Lisenby. I tell you how it was; when I asked Lisenby for something, he paid me the interest, and when I asked him for the principal—I like to have that settled—and he says: 'Let me work a little bit, you don't need it.' Q. Is that the reason you did not collect these notes yourself? A. Yes. That was Lisenby's business. Q. Did you know these Bonner notes were secured by a deed of trust in the beginning? A. Lisenby told me they were all secured by a deed of trust * * *. Q. When did you try to collect the Bonner notes? A. I never tried to collect them. * * * Q. Did you try to collect any of those other collateral notes? A. No, sir. Q. You thought it was Colonel Lisenby's business to collect those? A. Yes, sir.

The necessary inference from this testimony is that defendant Gottfried authorized J. W. Lisenby to act as his agent in the collection of the notes made by plaintiff Bonner, as well as to collect all other collateral notes held by him to secure the indebtedness of said Lisenby. It is clear, therefore, upon settled principles of the law of agency, that the payment of the notes given by plaintiff to Lisenby in July, 1891, was in effect a payment to the principal, defendant Gottfried, and this is so irrespective of the fact that said agent did not then have actual possession of the notes, or that his authority to receive payment was at the time *unknown* to plaintiff. In the case of Bank v. Mut. Ben. Life Ins. Co., 145 Mo. 127, the sub-vendee of the grantor in a deed of trust paid the debt

and interest, to-wit, $2,161, secured thereby to a corporation assuming to act for the holder of the notes evidencing such debt and interest, although advised by such corporation that the notes were not in its possession and could not be obtained by it until after it had received the money. Division number one of the Supreme Court held that such payment was a payment to the holder of the notes on the ground of agency on the part of the corporation receiving it and affirmed a decree cancelling the deed of trust, although the notes secured by it were never surrendered by the holder who never received the money paid to the corporation which assumed to collect them. The legal rule on this subject is aptly expressed by THOMPSON, J.: "Agency and the scope of an agent's authority are facts, to be proved like other facts. They may be proved either by showing the terms of a contract between the alleged principal and agent, or they may be proved by the transactions which have taken place between the principal and the agent, showing what the understanding between them was as to the scope of the agent's authority. Evidence of a course of dealing by an agent, sanctioned by his principal, is one of the recognized modes of proving the extent of the agency; and such evidence is admissible, whether the party introducing it knew, at the time of the transaction in controversy, that the dealings had taken place or not." 24 Mo. App. 76; aff. 48 Mo. App. l. c. 176.

There can be no room for doubt as to the authority of Lisenby to collect the notes which plaintiff gave him and which he subsequently transferred as collateral security for his own debt under the foregoing explicit admission of the transferee of said notes. There is also evidence that plaintiff was aware of this relation between Lisenby and Gottfried, but we do not regard the latter fact as at all determinative of plaintiff's right to demand the surrender of the notes and the cancella-

tion of the deed of trust, in view of the proof that he paid the full sum due upon said notes to the person shown by the preponderance of the evidence to have been, at the time, the agent authorized by the holder to collect the notes.

Under the law applicatory to the facts contained in this record we see no escape from the conclusion that the plaintiffs herein are entitled to the *identical* relief which was decreed by Division number one of the Supreme Court to the plaintiff in the case cited (145 Mo. 127, supra), which case, it may be noted, could not have been decided by that court except upon the theory that it involved the title to land, since the amount of the payment therein claimed, $2,161, was clearly within the pecuniary limit of the jurisdiction of this court. We, therefore, in the case at bar, reverse the judgment of the trial court and remand it with direction to that court to render a decree adjudging the deed of trust on the land, executed to secure plaintiff's notes in the hands of defendant Gottfried, be for naught held and esteemed and that it be cancelled, and that the cloud cast thereby on the plaintiff's title be removed, and also that said notes be cancelled and surrendered to plaintiff. All concur.