## WATERS-PIERCE OIL COMPANY, Appellant, v. JACKSON JUNIOR ZINC COMPANY, Respondent.

### Kansas City Court of Appeals, February 2, 1903.

1. **Appellate Practice:** MOTION FOR NEW TRIAL: INSTRUCTIONS. Where a motion for new trial does not call the court's attention to its action in passing upon certain instructions, such action can not be reviewed on appeal.

2. **Principal and Agent:** WAYS OF SHOWING: INSTRUCTION: EVIDENCE. An instruction declared that agency could be shown in three specified ways, and is held not subject to criticism on the ground that agency might be shown in other ways when there was no evidence tending to show it in any other way.

3. ———: CONTINUANCE: REVOCATION: NOTICE: INSTRUCTIONS. A revocation of an agent's authority takes effect as to third persons only from the time when the revocation is made known to them; and an instructon failing to contain all the theories on the plaintiff's right of recovery is condemned.

4. ———: PROOF OF: DECLARATION OF AGENT. The agent's authority can not be shown by his own declarations or admissions.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED.

*Merritt & Miller* for appellant.

(1) Whatever the alleged agent says or does in relation to the act by him to be performed is a part of the *res gestae,* if done or said while the transaction is passing. Singleton v. Mann, 3 Mo. 464; Larson v. Railroad, 110 Mo. 234; Peck v. Ritchey, 66 Mo. 114; Ingalls v. Averitt, 34 Mo. App. 371. So, too, if they are made so soon after the transaction as to constitute a part of same. Bergeman v. Railroad, 104 Mo. 77. And they

are admissible if made by the agent while acting within his real or apparent ostensible authority.    Meagher v. Railroad, 14 Mo. App. 499.   (2)   Plaintiff complied with the rule requiring it to first make out a prima facie case of agency, which it had done by proving that the alleged agent was at the mine and mill of defendant in apparent control and authority.    This is all that is necessary to make prima facie case of agency.    Ingalls v. Averitt, 34 Mo. App. 371; Minter v. Railroad, 82 Mo. 133.    (3)   Corporation books are not evidence against a stranger or outside party.    Railroad v. Kimmel, 58 Mo. 83.    (4)   Agency may be implied from conduct, and one who by his conduct has led an innocent party to believe that another has authority to act for him will not be heard to deny the agency to the prejudice of the innocent party.    Mechem on Agency, p. 86; Fanning v. Cobb, 20 Mo. App. 577; De Baun v. Atchison, 14 Mo. 543; Cupples v. Whelan, 61 Mo. 583.    (5)   Plaintiff insists that the first instruction asked for by the defendant, and which was allowed and given by the court with slight modification, is misleading and confusing to the jury, in that it fails to state all the law, but misleads the jury by telling it that the plaintiff must show agency of Grable in one of three ways, or, if not, then their verdict should be for the defendant.    (6)   Again, if the fact was shown that the defendant had formerly had said Grable as its agent at same place, but before the account here sued on was made had revoked and annulled his authority to act for it, but had failed to give plaintiff notice of its said revocation of its authority, then under such a state of facts the verdict should have been for the plaintiff.    This is the law.    Lamothe v. Railroad, 17 Mo. 204.    (7)   An instruction whose natural and logical effect is to mislead the jury is prejudicial and is reversible error.    Worthington v. Railroad, 72 Mo. App. 162; Lamothe v. Railroad, 17 Mo. 204; Suddarth v. Lime Co., 79 Mo. App. 591.

*Galen & A. E. Spencer* for respondent.

(1)   An agency can not be proved by showing the declarations of the supposed agent.   Farrar v. Kramer, 5 Mo. App. 167; Mitchum v. Dunlap, 98 Mo. 418; Waverly v. Cooperage Co., 112 Mo. 383; Bank v. Leyser, 116 Mo. 51; Bank v. Morris, 125 Mo. 343; Craighead v. Wells, 21 Mo. 404; Ruschenberg v. Co., 161 Mo. 70. (2)   Appellant claims the court erred in refusing to give, without amendment, its instructions numbered 2, 3, 4 and 5.   The action of the court in amending these instructions was proper.   They are very favorable to plaintiff.   Appellant can not object to this action of the trial court, as the question was not brought to the notice of that tribunal in the motion for a new trial. Watson v. Race, 46 Mo. App. 546; Bartlett v. Veach, 128 Mo. 91; Hall v. Harris, 145 Mo. 614.   (3) Instruction No. 4 asked by appellant was properly refused.   It states an abstract proposition of law.   This legal proposition, applied to the case on trial, was declared in plaintiff's instruction No. 2.   (4)   Defendant's instruction No. 1, is a correct statement of the law, and harmonious and consistent with all the other instructions, which taken together, properly presented the law of this case to the jury.

BROADDUS, J.—The action is on an account for goods alleged to have been sold and delivered to the defendant in the months of October, November and December, 1900.   The defendant denied the purchase and delivery of the goods.   The finding and judgment were for the defendant, from which plaintiff appealed.

The defendant owned a mining lease on twenty-three acres of land; and one F. C. Grable assisted in organizing the defendant company and superintended the construction of its ore-dressing mill on the leased premises which was completed near the close of the year 1899.   It was admitted that the defendant occupied

the premises and operated the business until September 15, 1900. As to all the other facts, the evidence was somewhat conflicting.

Plaintiff's testimony tended to show that during the time last mentioned said Grable was acting as agent of defendant, and as such bought goods of plaintiff at various times which were paid for by defendant. On the other hand, there was evidence tending to show that one C. E. Hart was defendant's superintendent and that he bought such goods from the plaintiff and that said Grable had nothing to do with their purchase. There was evidence tending to show that on said 15th day of September, 1900, defendant ceased to do business, and soon thereafter let the property to the firm of Lindsey & Townsend who occupied the premises and carried on the mining until December 1st, when defendant leased the same to what was known as the Andrew Jackson Zinc Company. Grable was the manager and agent for those two concerns, and it was during the time they had charge that the goods in controversy were bought by him.

Plaintiff tried its case upon the theory that as the evidence tended to show that the said Grable was the agent of the defendant, and as such purchased goods from the plaintiff for defendant up to September 15, 1900, when defendant claimed to have let the property and business to Lindsey & Townsend, and afterwards to the Andrew Jackson Zinc Company, and that during the time of the occupation of the property and the carrying on of the business by the last-named parties the plaintiff sold the goods in controversy on the order of said Grable in good faith, believing that he was still the agent for defendant, and without notice from defendant of such change in the business, defendant was liable for the value of the goods. The plaintiff asked several instructions predicated upon its said theory of the case, some of which were given, some refused, and others modified by the court. Complaint is here made to the

action of the court in refusing and modifying said in-
structions, but as plaintiff did not call the attention of
the court to its action in that respect in the motion for a
new trial, all errors, if there were such, have been
waived. Hall v. Harris, 145 Mo. 614; Bartlett v. Veach,
128 Mo. 91; Watson v. Race, 46 Mo. App. 546.

But plaintiff saved its exceptions to the action of
the court in giving instruction numbered one, two and
three in behalf of defendant. There can be no justi-
fiable criticism of instruction number two, for it prac-
tically amounts to nothing more than telling the jury
that if said Grable was at no time defendant's agent,
and that he had assumed to act as such without its
knowledge, the defendant was not liable for the value
of the goods—which is good law. The defendant's third
instruction is practically the same as number two, ex-
cept as to an immaterial variation in form.

But plaintiff most earnestly contends that defend-
ant's instruction number one did not embody the law of
the case. Said instruction tells the jury that plaintiff
must show one of three conditions of fact before it can
recover, viz.:

First. That said Grable during the time of the
sale of the goods was in fact defendant's agent, and as
such he bought them; or,

Second. That defendant's officers knew that he
was buying goods in its name, claiming to be its agent
without protest on defendant's part, and that plaintiff
sold the goods believing him to be defendant's agent; or,

Third. That defendant's course of business at its
mill and property from and after September 15, 1900,
was calculated to lead plaintiff to believe that Grable
had authority to act for defendant in buying the goods
in dispute, and that plaintiff sold the goods in dispute
believing that said Grable was defendant's agent with
authority to make the purchase.

The plaintiff contends that agency may be shown in
more ways than are included in said instruction, and for

that reason alone, if for no other, it should not have been given. But that objection will not hold good unless there was evidence tending to establish the agency in some other manner than that pointed out in said instruction.

But plaintiff claims also that it is in conflict by reason of its abbreviation with plaintiff's instruction number two, which is to the following effect, viz.: "That if prior to the sale of the goods in dispute said Grable had been the agent of the defendant in buying like goods from the plaintiff, and that plaintiff in selling to said Grable, as agent of defendant, said goods first named without notice from defendant of the revocation of his authority as such agent, and believing him to be such agent, the plaintiff would be entitled to recover." It must be admitted that said theory of the case of continuing an agency once shown, so far as third persons are concerned who deal with the agent as such after and without notification of revocation of his authority, is wholly eliminated from said third instruction of defendant; and for that reason should not have been given, for it did not contain, as it purported to, all the theories of the plaintiff's right to recover on the evidence. It is well-settled law that the revocation of the authority of an agency takes effect as to third persons only from the time when the revocation is made known to them. Story on Agency (9 Ed.), sec. 470; Ewell's Evans on Agency, p. 570, and authorities cited; Wharton's Agency and Agents, sec. 110. As the alleged agency of Grable for the purchase of goods would be revoked necessarily when defendant ceased business and leased the same to another party, it was a legitimate inquiry whether plaintiff had notice of such revocation?

Plaintiff further insists that the court committed error in refusing to allow it to prove what Grable said as to his agency for defendant while he was buying the goods. One's agency can not be shown by his own declarations or admissions. Mitchum v. Dunlap, 98 Mo.

418; .The Waverly Timber & Iron Co. v. Cooperage Co., 112 Mo. 383; Bank v. Leyser, 116 Mo. 51.

The objections made to the admission of evidence on the part of defendant, we think, were without merit.

As the case will be reversed for the error noted, it is not necessary to pass upon that part of plaintiff's motion asking for a new trial on account of newly-discovered testimony.

Reversed and remanded.    All concur.