E. S. ROBINSON and CLARA J. ROBINSON, Respondents, v. CITIZENS TRUST COMPANY, a corporation, and W. J. KREISEL, Trustee, Appellants.

**Kansas City Court of Appeals, January 11, 1915.**

1. **BILLS AND NOTES: Payment to Broker: Consideration.** Plaintiff applied to one Moore for a loan. The latter prepared and had plaintiff sign an application to defendant for such loan. Defendant consented to make the loan and the notes and deeds of trust were executed and forwarded by Moore to defendant. The money was sent to Moore who appropriated it to his own use. Plaintiff now seeks to have the notes and deeds of trust cancelled for want of consideration. *Held,* that defendant had no right to infer that a broker employed to procure a loan had authority from the borrower to receive the money from the lender and in paying the money to the broker, without proof of his authority to receive the money, defendant failed to exercise ordinary care and prudence.

Appeal from Benton Circuit Court.—*Hon. C. A. Calvird,* Judge.

AFFIRMED.

*Roy D. Williams* for appellants.

(1) The question of agency is one of law and under the law Moore was the agent of Robinson. Engleman v. Ruse, 28 N. W. 149; Goodale v. Middaugh, 46 Pac. 14; Cooper v. Headley, 12 N. J. Eq. 48; May v. Insurance Company, 72 Mo. App. 286. (2) Moore being in possession of the security, the Trust Company had a right to pay him the money. Cummings v. Herd, 49 Mo. App. 146; Mechem on Agency, sec. 373; Dawson v. Wombles, 111 Mo. App. 541.

*W. S. Jackson* and *Henry P. Lay* for respondents.

(1) Moore might have been the agent of the plaintiffs at one stage of the proceedings, of the Trust

Company at another; or he might have been the agent
of both parties, or not the authorized agent of either,
and still have conducted the whole transaction between
them. ' Milstead v. Manufacturing Co., 49 Mo. App.
191. (2) And the fact that Moore examined the prop-
erty and reported its value to the defendant is a cir-
cumstance tending to show that he was defendant's
agent. Milstead v. Manufacturing Co., 49 Mo. App. 191.
(3) The principle of law is well settled that when one
of two innocent parties must suffer, the loss must fall
upon him whose negligence makes it possible. Dodson
v. Clark, 49 Mo. App. 148; Whittemore et al. v. Obear
et al., 58 Mo. 286-7; Smith v. Zimmerman, 51 Mo. App.
519; Kerr on Fraud and Mistake, pp. 137-8-9.

JOHNSON, J.—This action is for the cancella-
tion of certain promissory notes and deeds of trust ex-
ecuted and delivered by plaintiffs to the Citizens Trust
Company of Boonville. A jury was waived and after
hearing the evidence the court rendered judgment for ·
plaintiffs in accordance with the prayer of the petition.
The defendant Trust Company appealed.

On May 13, 1913, plaintiffs, who are husband and
wife and reside on a farm in Benton county owned by
the husband, executed and delivered to the Citizens
Trust Company of Boonville their promissory note
for $700 payable May 10, 1918, together with annual
interest at the rate of six per cent as evidenced
by attached coupon interest notes and on the same date
executed, acknowledged and delivered to the Trust
Company a deed of trust on the farm as security for
the payment of the note. Plaintiffs had agreed, in
their application to the Trust Company for a loan of
$700, to pay interest at the rate of seven per cent per
annum, and at the time of the execution of the above-
described principal note and trust deed which, as
stated, called for interest at six per cent, they executed
and delivered notes for the total amount of $35, to

cover the remaining one per cent, which were called commission notes and were secured by a second deed of trust on the land. These notes and deeds of trust were received and retained by the Trust Company in consideration of its agreement to lend plaintiffs $700, and the trust deeds were promptly filed for record.

Plaintiffs allege in their petition which was filed in the circuit court of Benton county, November 6, 1913, that the Trust Company "though often requested so to do has wholly failed and refused to pay to the plaintiffs the said sum of $700 or any part thereof," and that said notes and deeds of trust are wholly without consideration.

The answer admits "that plaintiffs executed the notes and mortgages described in plaintiffs' petition," alleges that the Trust Company is the legal holder of said securities and denies that the notes were without consideration.

The controversy between the parties grew out of the conversion of the proceeds of the loan by a real estate and loan broker at Cole Camp through whom the transactions between plaintiffs and the Trust Company were conducted and the principal issue contested at the trial and finally solved in favor of plaintiffs was whether the broker acted as the agent of plaintiffs or of the Trust Company.

Plaintiffs had no personal dealings with the Trust Company. Early in May, 1913, plaintiff E. S. Robinson informed S. E. Moore, a lawyer and real estate and loan broker at Cole Camp, that he desired to secure a real estate loan of $700. He had had other dealings with Moore, who appears to have held himself out as a loan broker having business relations with different loan and trust companies, among which was the defendant company. Moore informed Robinson that he could procure the loan and filled out an application on a printed form of another loan company, erasing its name and inserting the name of defendant

company as the addressee. Robinson signed this application and it was forwarded by Moore to the office of defendant at Boonville. It gave the name of Robinson as the applicant, fully described the security offered and stated the terms of the loan and other material facts. It did not mention Moore and contained no direction authorizing him to receive the proceeds of the loan for the applicant. Accompanying the application was a certificate in writing of two appraisers, one of whom was Moore, that the farm was worth $2500, and that "the applicant is not indebted to us (the appraisers) or either of us, and we have no pecuniary interest, direct or indirect, in the success or failure of this application." Following the approval of this application and the receipt by defendant of the notes and trust deeds executed by plaintiffs, Moore drew on defendant in his own name for the amount of the net proceeds of the loan and deposited the draft in his bank at Cole Camp to his own credit. He did not account to plaintiffs for the money but converted it to his own use and afterward became insolvent.

From the testimony of Robinson it appears that he did not employ Moore as his agent but applied to him for a loan as the agent of the lender; that he understood the lender would turn the commission notes over to Moore as his commission for transacting the business, and that he did not authorize Moore to receive the proceeds of the loan for him and after Moore had received them did not agree to lend them to Moore or in any other manner ratify his unauthorized conduct.

The managing officer of defendant testified that Moore was not to receive the commission notes or any other compensation from defendant and was not employed by defendant as its agent. Moore, introduced as a witness by defendant, corroborated this statement and attempted to explain his retention of the money on the ground that Robinson, who was having trouble

with his wife, requested him to keep the money until he could bring her to terms. His testimony is not convincing, and the evidence as a whole supports the finding of the trial court expressed in the judgment that Moore, without authority from plaintiffs, procured the money from defendant and converted it to his own use. Such being the fact, it may be conceded for argument that Moore was employed by Robinson as his agent to procure a loan on the land and yet the judgment for plaintiffs should be allowed to stand. The mere employment of a loan broker to procure a loan does not constitute him the agent of the borrower to receive the proceeds from the lender. In the case of May v. Insurance Company, 72 Mo. App. 286, greatly relied on by defendant, the decision turned on the fact that the borrower had given written instructions to the lender to pay the money to the broker. But in the present case no such instructions were given, either in writing or orally, nor was the broker authorized to draw a bill of exchange on defendant, or in any manner to obtain possession of the money. In the view of the evidence most favorable to defendant, it had no right to infer that a broker employed to procure a loan had authority from the borrower to receive the money from the lender, and in paying the broker's draft without any other proof of his authority to receive the money, defendant failed to exercise ordinary care and prudence. By its own evidence defendant is convicted of negligence which clearly was the sole cause of the loss.

The judgment is affirmed.

All concur.