BROOKFIELD TRUST COMPANY, Respondent, v. HENRY E. FOSTER and JESSIE T. FOSTER, Defendants, HENRY E. FOSTER, Appellant.

In the Kansas City Court of Appeals, December 4, 1922.

1. **HUSBAND AND WIFE: Principal and Agent: Written Authority Given by Husband to Wife to Borrow Money, Held to Make Husband Liable upon a Note Executed in His Name by Her Under said Authority.** Where a husband, by reason of ill health rendering him unable to attend to his business of farming, on leaving the same, gave written authority to his wife to control and manage his business and to borrow money if needed to carry on the same, *held* liable to a bank, to which the written authority had been ex-

hibited, upon a note executed in his name by his wife for money loaned by it, even though the wife exceeded the secret instructions of husband given her with reference thereto.

2. ———: ———: Estoppel: **Lender of Money to Duly Authorized Agent not Required to See that Money Borrowed by Agent is Properly Applied.** Where principal authorizes an agent to borrow money to conduct his business, the lender of money to agent for principal is not bound to see that agent properly applies the same, the principal being bound on the principle of estoppel for placing his agent in a position to deceive persons dealing with the agent.

Appeal from the Circuit Court of Linn County.—*Hon. Fred Lamb*, Judge.

AFFIRMED.

*O. F. Libby* and *Bresnehen & Burns* for respondent.

*H. J. West* for appellant.

ARNOLD, J.—This is a suit for money had and received. Plaintiff is a corporation located at Brookfield, Linn County, Missouri, and defendants are husband and wife residing on a farm near Forker in said county.

The petition is in three counts, the first of which seeks to recover on a certain promissory note. Said note is payable to one C. R. Thomas and by him assigned to plaintiff. The second count alleges that Henry E. Foster and Jessie T. Foster are husband and wife; that they own a large farm in Linn County, Missouri, on which they have lived for twenty years last past; that twelve years ago Henry E. Foster, being in poor health, turned over the operation and management of his farm to his wife and authorized and empowered her to do all things necessary to run the farm and carry on the business, hire help, buy and sell stock and grain, and borrow money to carry on said operations; that Foster spent much of his time in Colorado, not personally attending

to the business of running his farm, and that the same had been run and operated by his wife, the co-defendant herein, with his full knowledge and approval.

The second count further alleges that for the purpose of aiding in carrying on the business of the farm and in the operation thereof, the wife, Jessie T. Foster, on the first day of October, 1920, borrowed on their account of C. R. Thomas, the sum of $1500 and at the same time presented to him the joint note of defendants which the payee supposed was properly executed, and that by means of this note she procured a loan of $1500, agreeing to pay the same within one year thereafter. and that defendants received and the said C. R. Thomas paid to them the full amount of the said $1500 so borrowed by them. The second count of the petition further alleges that afterwards the payee, Thomas, sold, assigned and transferred the said debt to plaintiff, and that plaintiff is the legal owner and holder of the same. That said sum of $1500 and interest thereon is now past due and that payment thereof has been demanded and refused.

The third count alleges that the Benson Banking Company of Laclede, Linn County, Mo., on April 22, 1921, had loaned to Jessie T. Foster, on the account of H. E. Foster, the sum of $25, payable on demand, evidenced by a note in that amount signed by Jessie T. Foster, and that said debt was contracted and the money used as part of the expense of running the farm aforesaid. That the said debt was duly assigned and transferred to the plaintiff herein, who is now the legal owner and holder thereof; that payment thereof has been demanded of defendants and by them refused.

Defendant Henry E. Foster files separate answer and therein specifically denies that he signed or executed in any way the note mentioned and described in the petition; and denies each and every other statement and allegation in said petition contained. Defendant Jessie T. Foster filed no answer and made no defense.

The cause was tried on December 19, 1921. At the close of all the evidence the court signified its intention of giving plaintiff's requested instructions Nos. 1 and 2, both being peremptory instructions to find for plaintiff on the second count of the petition. Plaintiff thereupon took a voluntary nonsuit as to the first and third counts. A verdict accordingly was returned in favor of plaintiff on the second count in the amount of $1648.08, for which judgment was entered. Motions for a new trial and in arrest of judgment were duly filed and by the court overruled. Defendant Henry E. Foster appeals.

The evidence tends to show that when Henry E. Foster decided to go away for his health in 1910, he executed written authority to his wife to transact his business. This document, made in quadruplicate, is in words and figures as follows:

"Laclede, Missouri, Junt 25, 1910.

"To whom it may concern:

"I am now in poor health and unable to attend to the running of my farm and business, and have authorized my wife Jessie T. Foster to act for me, and I give her full authority to control and manage my entire business. She has the right to run the farm, hire help, buy and sell stock and grain and if needed borrow money to carry on the business.

"H. E. FOSTER."

Said four copies were delivered to his wife by Henry E. Foster and the testimony tends to show she had them from that time until the institution of this suit, either in her own possession or in the possession of banks or persons where she had deposited them in the transaction of her husband's business. Henry E. Foster was away from home at intervals from 1910 to 1919, during all of which time his wife managed the farm and did whatever was necessary in connection with the operation and management thereof. The testimony further shows that in November, 1918, while armed with such authority, Jessie T. Foster became a depositor and customer of plaintiff bank.

Among the transactions she had with the bank after the deposit therein of one of the copies of the written authority was the obtaining of loans therefrom in small amounts on notes signed in her name only. One such not for $529, another for $250, another for $100, one for $81.50 and one for $500.

The testimony tends to show that these small loans had been made for the purpose of a horse, cows, corn, vaccination of hogs and other things incident to the needs of the farm and family. On October 1, 1920, Mrs. Foster applied to plaintiff bank for the loan of $1500 for the purpose of paying off the smaller notes above indicated, and for the purpose of securing same, proposed a deed of trust on their farm; at the same time stating that as her husband was away from home they would have to send the note and deed of trust to him for his signature. Said note and deed of trust accordingly were made out and handed to Mrs. Foster and, afterwards these documents were returned to plaintiff, purporting to have been signed by both defendants. The deed of trust is not sought to be foreclosed and it is, therefore, not involved in this action.

Defendant Henry E. Foster denies that he signed either the note or deed of trust mentioned. There is no denial that defendant Jessie T. Foster signed both instruments, and it is contended by her husband that she signed both names to them. Plaintiff contends that, in view of the fact that the second count of the petition is the only cause of action now involved and that being on account of money had and received, the issue of Henry E. Foster's signature is not material.

After Mrs. Foster borrowed the $1500 involved herein the amount was placed to her credit in plaintiff bank and she proceeded, by checking against the same, to pay off all the smaller notes above referred to. She then was left with less than $5 to her credit on the books of the bank, out of this sum. Defendant Henry E. Foster, some time in December, 1921, repudiated this $1500 in-

debtedness, together with some other debts similarly contracted by his wife. Henry E. Foster contends that his wife committed a fraud on him by borrowing the money from plaintiff by means of a note and deed of trust which he said were forged as to his name and also as to the name and jurat of the notary public whose signature appears on the deed of trust as to Foster's signature.

The testimony shows that Foster admitted he signed the written authority to his wife. Defendant's counsel stated, in the course of the trial:

"By Mr. West: Admitting that she was his agent when he was away from home to transact business for him, that she had authority to run the farm, hire help, sell things off of the farm and do whatever was necessary to run the farm; but, if the court please, there is no question of agency here involved, this $1500 was not borrowed by her as his agent; she borrowed that money for herself, she borrowed it for her own use. How can a principal be bound by a statement of his agent that she is borrowing money for her own use?"

It is urged by plaintiff and, we think, justly, that there is only one issue in this case, to-wit: Did the wife bind the husband by the procurement of this money from the bank in the manner and under the circumstances in evidence? It is not denied that Jessie T. Foster got from plaintiff bank all the money that it claims she did. It is insisted by defendant that the court erred in peremptorily instructing the jury to find for plaintiff upon the second count of the petition; and this is the only point presented by defendant in his argument on appeal.

Defendant argues that the individual notes of Mrs. Foster, which the proceeds of the $1500 note were used to liquidate, were not chargeable to defendant H. E. Foster, even if these notes did represent loans made to her as his agent; and that neither was he liable for the loans represented by the smaller notes; that whether the money was borrowed for Foster's use or on his own account, or whether he received any part of it or de-

rived any benefit from it, were questions for the jury; whether Mrs. Foster represented to the plaintiff at the time she borrowed the amounts represented by the smaller notes that she was borrowing the money for use on Foster's farm was a question for the jury; and that Mrs. Foster had no express authority to borrow money to pay her individual debts.

Upon these hypotheses defendant erects his argument in favor of his appeal. His deductions would be logical and correct were his hypotheses correct. It is admitted by defendant that he authorized his wife to borrow money for use in the conduct of his business. He does not deny that his wife got plaintiff's money. He may not now be allowed to deny liability. Here was a written declaration of agency. Its purpose was to empower the wife of defendant to deal with third parties. As is said in Behret v. Myers, 240 Mo. 58, 76:

"True, third parties are put upon inquiry as to the power of an agent to sell real estate and must deal with the agent with the power before them, or presumptively before them. Yet the rule of law is that such third parties are not interested in the secret processes of the principal's mind. They get at what was in the principal's mind by the visible result evidenced by the writing. They are interested in the character in which the agent is held out by the principal to those who may have occasion or opportunity to deal with him. 'This character is a tangible, discernible thing, and, so far as third persons are concerned, must be held to be authorized, as it is the only expression and evidence from which the principal intends that they shall determine his purposes and objects.' [Mechem on Agency, sec. 278; Kilpatrick v. Wiley, 197 Mo. l. c. 166.]"

And in Renick v. Brooke, 190 S. W. 641, this court held that though the act of the agent was, in fact, unauthorized, an alleged principal may be bound on the principle of estoppel, as where he has placed the agent in a position to deceive others dealing with the agent.

23—211 M. A.

When Henry E. Foster armed his wife with written authority to borrow money and left her for years in charge of the farm, he did all that was necessary to enable her, as his agent, to secure money from plaintiff. Under the authorities in this State, he will be estopped from denying liability on account of money so borrowed.

"A principal is bound by the acts of an agent's apparent authority, and if such principal knowingly permitted its agent to assume authority to collect notes or held him out to the public, or to the maker of the note as possessing such authority and the money was paid in reliance thereon, the payment will be good even though, in fact, no authority was given." [Syl. May v. Trust Co., 138 Mo. 275, 39 S. W. 782.] Many authorities might be cited on this point but the principle of law is so elementary that further citations would seem to be unnecessary.

Defendant argues that whether the money was borrowed for Foster's use, or on his account, or whether he received part of it, or derived any benefit from it, were facts for the jury's consideration. We hold that the question of what was done with the money does not enter this case. The authority was given to borrow the money. The fact, if it be a fact, that the wife was guilty of fraud as between herself and her husband is not an issue in this case. [Brown v. Railway, 187 Mo. App. 104.] It would be unreasonable to suppose that plaintiff could be required to follow Mrs. Foster's movements and see that the money was applied to running the farm, as specified in the written authority. Such written authority made her Foster's agent, not only to borrow money, but to dispense it.

Counsel on both sides argue the points from various angles and cite numerous authorities relative thereto. After examining them all and the entire record in the case we hold that under the law and the admitted facts, no other verdict properly could have been reached than the one directed by the court. There was no error in

the action of the trial court in directing a verdict for plaintiff.

The judgment is affirmed. All concur.