BERT H. DeBORD, Defendant in Error, v. W. G. PENDLETON et al., Plaintiffs in Error.*

Kansas City Court of Appeals.   May 5, 1924.

1. **PRINCIPAL AND AGENT:** Scope of Authority: Evidence Held to Justify Finding That Broker Was Agent of Borrower in Securing Loan and of Lender in Distributing the Proceeds. In an action to cancel deed of trust and to relieve lands from lien and encumbrance thereof evidence *held* to justify finding that broker who embezzled funds which were proceeds of subsequent mortgage loan that had been delivered as payment of the note secured by deed of trust sought to be cancelled was agent of borrower for purpose of securing the subsequent mortgage loan, and agent of lender for purpose of distributing the proceeds.

2. ———: ———: **Agent's Authority Cannot be Established by His Assertions.** The scope of authority of an alleged agent may not be established by assertions of the said agent.

3. **APPEAL AND ERROR:** On Appeal in Equity Suit Finding of Trial Court Entitled to Due Deference. While the appellate court in an equity suit is not bound by finding of trial court, such finding is entitled to due deference and consideration.

*Headnotes 1. Agency, 2 C. J., Section 727; 2. Agency, 2 C. J., Section 692; 3. Appeal and Error, 4 C. J., Section 2868.

Writ of Error to the Circuit Court of Morgan County.— *Hon. Henry J. Westhues,* Judge.

AFFIRMED.

*Embry & Embry* for defendant in error.

*J. W. McClelland* for plaintiffs in error,

ARNOLD, J.—This action was instituted by plaintiff to cancel and set aside a mortgage and to relieve certain farm lands from the lien and encumbrance of said mortgage.

Bert H. DeBord, the present owner of the lands in question, consisting of one hundred and fifty acres in Morgan County, Mo., is a resident of said county. Defendants W. G. and G. T. Pendleton are residents of Cooper County; defendants George Wells, James E. Adams and J. Russell Wells, at the time this controversy arose, were doing a loan and brokerage business at Quincy, Ill., under the firm name of Wells & Adams. On September 20, 1912, one E. A. Crewson, then owner of the land, executed and delivered to W. G. Pendleton his certain promissory note in the sum of $1000, due in two years and, as security therefor, executed a first deed of trust on said land, in which G. T. Pendleton was named as trustee. On July 6, 1917, Crewson and wife conveyed said land by warranty deed to Thomas M. DeBord, subject to the deed of trust mentioned above. On May 16, 1920, DeBord, through L. L. Orear and Coy Roberts, doing business as loan agents at Versailles, Mo., under the firm name of Orear & Roberts, made application to defendants, Wells & Adams, for a loan of $2500 on said land. Said application specified that a first deed of trust on said land would be given to secure said loan. The following clause appeared in the body of said application, which was acknowledged before a notary public:

"I hereby appoint and constitute and, by these presents do make, constitute and appoint Orear & Roberts my true and lawful attorneys, and authorize you to pay the proceeds of this loan to my said attorneys or to my agent above named; giving and granting to my said attorneys by these presents, full power and authority in and about the premises; hereby ratifying and confirming all and whatsoever my said attorneys shall lawfully do in and about the premises by virtue thereof."

The application was forwarded to Wells & Adams and upon the appraisal of said land by Orear and Rob-

erts and their favorable recommendation thereon and acceptance by Wells & Adams on May 28, 1918, Thomas M. DeBord and wife executed and delivered to one Chas. B. Linville as trustee for James E. Adams, a deed of trust upon the land to secure the payment of a $2500 note payable to said James E. Adams, and representing said loan.

The draft for $2500, representing the proceeds of this loan, was drawn by Wells & Adams, payable to L. L. Orear and Thomas M. DeBord, both of whom endorsed the same, and the proceeds thereof were placed, by said Orear to his own credit in a bank at Versailles, Mo. Among the liens to be paid out of the proceeds of said loan of $2500 was the $1000 deed of trust to Pendleton and some indebtedness to E. A. Crewson, from whom DeBord purchased the land and which was still unpaid. Orear paid the Crewson indebtedness and retained sufficient funds to discharge the Pendleton note and deed of trust and the residue was paid to Thomas M. DeBord. Orear falsely represented both to DeBord and the firm of Wells & Adams that he had paid the Pendleton note; and he also forged an entry in the abstract to show that the same was paid, satisfied and released of record. The remaining $1000 however was embezzled by Orear and the Pendleton note never was paid. In the latter part of 1918, or early in 1919, upon discovery of the embezzlement, Wells & Adams purchased for value from Pendleton the $1000 note and deed of trust. Thomas M. DeBord died prior to April 12, 1919, and plaintiff Bert DeBord purchased from the widow her interest in the said land, and now holds title to the same.

The petition sets out the facts substantially as stated above and alleges that for the purpose of receiving the proceeds of the $2500 loan and discharging the outstanding indebtedness against the lands, L. L. Orear was the agent of defendants Wells & Adams; that the sum embezzled was the property of the latter and therefore that the Pendleton note was thereby paid and the indebted-

ness discharged. The prayer asks the cancellation of the said deed of trust, and that it be set aside and for naught held.

The answer admits the formal facts above stated, and sets up the power of attorney whereby Orear was de- clared the agent of Thomas M. DeBord, and states that Orear, in fact, was the agent of said DeBord in all mat- ters connected with the loan from defendants Wells & Adams. By agreement the trial was to the court with- out the aid of a jury and judgment was rendered for plaintiff in all matters prayed. No declarations of law were asked or given. The judgment reads, in part, as follows:

". . . that said L. L. Orear as agent of Wells & Adams as aforesaid was instructed to pay off all en- cumbrances on said land and deliver the remainder of said $2500 loan to the mortgagor in said deed of trust; that said L. L. Orear as agent of Wells & Adams as afore- said received said $2500 from Wells & Adams as afore- said, and as agent of Wells & Adams as aforesaid re- tained enough of said $2500 to fully pay off and dis- charge said $1000 note and deed of trust aforesaid, held by the said W. G. Pendleton and other liens on said land; but that the said L. L. Orear failed, neglected and refused to satisfy said $1000 note and deed of trust, but instead thereof, falsely represented that same had been satisfied, and fraudulently and feloniously converted said sum of $100.00 to his own use; that Wells & Adams are the owners of said $2500 note and deed of trust on said land and that Wells & Adams are also the owners of said $1000 note and deed of trust aforesaid, having purchased same from W. G. Pendleton; that by reason of the con- duct of said L. L. Orear acting as agent of defendants Wells & Adams, as aforesaid, there now appears unsat- isfied of record said $1000 deed of trust and said $2500 deed of trust."

Motion for new trial filed by defendants Wells & Adams was unsuccessful and the case was brought here by writ of error by said defendants.

The only question for our determination is as to whether Orear was the agent of Thomas M. DeBord or of Wells & Adams for the payment and cancellation of the Pendleton note and deed of trust. The evidence is undisputed and the contest is directed to the application of the law to the facts. Appellants urge that the court erred in finding that Orear was the agent of defendants, Wells & Adams, and it is insisted that the clause in the application for the loan, above quoted, is in effect a power of attorney and that it is therefore controlling, and that the burden of proving that Orear was the agent of Wells & Adams was on plaintiff.

It may be conceded that agency cannot be established by declarations of the alleged agent against others than himself. Craighead v. Wells, 21 Mo. 404; Salmon Falls Bank v. Leyser, 116 Mo. 51, 22 S. W. 504; Waters-Pierce Oil Co. v. Zinc Co., 98 Mo. App. 324, 73 S. W. 272, and other cases which might be cited. The scope of authority of an alleged agent may not be established by assertions of the said agent. [Hackett v. Insurance Co., 105 Mo. App. 384, 79 S. W. 1013.] But, as we read the record, the case was tried by plaintiff upon the theory that Orear was the agent of Thomas M. DeBord for the purpose of securing the loan, only, and that he was the agent of appellants for the purpose of distributing the proceeds thereof. The evidence tends strongly to support this view.

Defendants insist that the clause in the written application empowered Orear to distribute as well as to receive the proceeds of the loan. We do not so interpret the language. Note the wording:

"I hereby constitute and appoint Orear & Roberts my true and lawful attorneys, and authorize you to pay the proceeds of this loan to my said attorneys, or to my agent above named; giving and granting to my said attorneys by these presents, full power and authority in and about the premises; hereby ratifying, etc. . . . whatsoever my attorneys shall lawfully do in and about the premises by virtue thereof." Nowhere in the ap-

plication for the loan, to secure which the said agents were appointed, do we find an authorization for such agents to distribute the proceeds thereof. Certainly, if the application had conferred such authority, this appeal would be determined thereby.

This situation involves the question of whether the agents in handling the loan confined themselves within the scope of their authority and whether their distribution of the proceeds was not *ultra vires*. The question of agency is to be determined from the contract of employment together with all the facts and circumstances of the case. One of defendants' witnesses, J. Russell Wells, testified that the firm of Wells & Adams previously had dealings with Orear, and that they accepted Orear's recommendations on loans. On cross-examination of this witness, the following occurred:

"Q. Who was you depending on to release the Pendleton note? A. We presume Orear & Roberts.

"Q. Isn't it the instructions to the man who makes the loan to release the deed of trust? A. Yes, sir.

"Q. That requirement came from your attorney, as Mr. Roberts said? A. Yes, sir."

There was other testimony showing that Wells & Adams maintained dominion over the proceeds of the loan and in control of its expenditure. This fact, together with the failure of the power of attorney to authorize the said agents specifically to make such distribution, supports conclusively plaintiff's contention that Orear and Roberts were the agents of defendants Wells and Adams in distributing the proceeds of the loan and that Orear, therefore, embezzled the funds of said defendants. We are supported in this view by the opinion in Farmer v. Wallin, 246 S. W. (Mo. App.) 53. [See also Cummings v. Hurd, 49 Mo. App. 139; Bonner v. Lisenby, 86 Mo. App. 666; Robinson v. Kreisel, 187 Mo. App. 51.]

It is true, as urged by defendants, that if the agents, Orear & Roberts had confined themselves within the scope of their authority as agents of plaintiff to secure the loan, plaintiff would not be heard to deny the authori-

zation. But finding, as we do, that they did not so confine themselves, the cases of Brookfield Trust Co. v. Foster, 246 S. W. 617, and Berberet v. Myers, 240 Mo. 58, 76, 144 S. W. 824, 830, do not apply. This is an equity suit and while the appellate court is not bound by the finding of the trial court, such finding is entitled to due deference and consideration. We find that the ruling of the trial court was proper and the judgment is accordingly affirmed.

All concur.