J. W. LASTER, Respondent, v. R. &. V. MOTOR COMPANY, a Corporation, Appellant.*

Kansas City Court of Appeals. February 9, 1925.

1. EVIDENCE: Hearsay Evidence Developed on Cross-Examination Without Objection Must be Taken for What it is Worth. Hearsay evidence developed upon cross-examination without objection must be taken for what it is worth.

2. TRIAL PRACTICE: Where Any Substantial Evidence in Support of Plaintiff's Cause of Action, Question Involved is For Jury. Where there is any substantial evidence in support of plaintiff's cause of action the question involved is properly one for the jury.

3. ——: Demurrer: Plaintiff Entitled to All Reasonable Conclusions That May be Drawn from Evidence. On demurrer to evidence plaintiff is entitled to benefit of all reasonable conclusions that may be drawn from the evidence.

4. MASTER AND SERVANT: Whether Defendant Made Contract of Employment Held for Jury. In an action for commission due plain-

tiff for sale of automobiles whether defendant was party to contract of employment *held* for jury.

5. ————: Plaintiff Not Limited to Proof of Custom in Establishing Right to Recover Commission Where There was Evidence of Oral Contract to Pay Same. Plaintiff was not limited to proof of custom in establishing his right to recover commission for sale of automobiles, where there was evidence which established oral contract to pay commission.

6. PLEADING: Failure to Plead Custom as to Commissions Paid by Automobile Dealers for Sales Made on Floor Immaterial Where Oral Contract to Pay Same Was Established. In action by salesman to recover commission for sale of automobiles, failure to plead custom as to commissions paid by automobile dealers on sales made on floor, *held* immaterial in view of fact that oral contract to pay commission was shown.

7. EVIDENCE: Customs and Usages: Evidence of Custom Considered Only as Tending to Support Terms of Plaintiff's Contract of Employment. Where plaintiff's right to commission was supported by contract of employment, evidence as to established custom in business of selling automobiles may be considered only as tending to support terms of contract.

8. MASTER AND SERVANT: Plaintiff Not Deprived of Commission on Sale Completed by Another Salesman. Where plaintiff's right to commission was provided by contract, fact that purchaser, after plaintiff had received and attempted to sell him, was thereafter turned over to another salesman of defendant, who completed sale at different price, would not deprive plaintiff of, commission.

9. EVIDENCE: Admission of Testimony as to Custom Relative to Payment of Commissions Held Not Error. Admission of testimony tending to show custom among automobile dealers and salesmen relative to commissions, *held* not error where testimony was merely cumulative and went to question of terms of oral contract.

10. TRIAL PRACTICE: Objection Not Proper Where Question Called for Statement of Fact Known to Witness. Objection that questions "called for conclusion of witness" was not proper, where question called for a statement of fact known to witness.

11. ————: Objections to Questions as Being "Imcompetent, Irrelevant and Immaterial" Held Unavailing. Objections made to questions because they were "incompetent, irrelevant, and immaterial" *held* to be unavailing.

12. **INSTRUCTIONS: Instruction Not Erroneous as Authorizing Recovery Without Finding That Plaintiff Was Procuring Cause of Sale.** Where instruction required jury to find that plaintiff's agency was procuring cause of negotiations resulting in sale, it was not erroneous as authorizing recovery without finding plaintiff was procuring cause of sale.

13. ———: **Instruction Held Not to Conflict With Defendant's Instruction Requiring Finding That Plaintiff Was Procuring Cause of Sale.** Instruction permitting finding for plaintiff if his agency was procuring cause of negotiations resulting in sale *held* not to conflict with defendant's instructions requiring finding that plaintiff was procuring cause of sale.

*Corpus Juris-Cyc. References; Appeal and Error, 4 C. J., p. 946, n. 14; p. 975, n. 88. Customs and Usages, 17 C. J., p. 502, n. 35. Master and Servant, 39 C. J., p. 151, n. 79; p. 202, n. 25; p. 206, n. 55; p. 211, n. 26. Trial, 38 Cyc., p. 1387, n. 70; p. 1388, n. 82; p. 1395, n. 54; p. 1517, n 59; p. 1543, n. 67; p. 1607, n. 72.

Appeal from the Circuit Court of Jackson County. —*Hon. James H. Austin,* Judge.

AFFIRMED.

*Chas. M. Bush* and *R. W. Crimm* for respondent.

*P. J. Hodgins* and *O. C. Phillips* for appellant.

ARNOLD, J.—This is an action for commission alleged to be due plaintiff on the sale of thirty-eight automobiles, under an oral contract of employment. Defendant is a corporation engaged in the manufacture and sale of automobiles, with its principal offices at East Moline, Illinois. Plaintiff is an automobile salesman of Kansas City, Missouri.

The petition alleges that on or about February 11, 1922, defendant, acting through its duly authorized agent, employed plaintiff as a salesman to sell all or any part of thirty-nine Saxon Duplex automobiles 1922 make, then on display at its sales rooms at 1701 Grand avenue in Kansas City, Mo., and agreed to pay

him a commission of five per cent of the purchase price of any and all of said automobiles for which he found buyers, or to whom he sold the cars; that pursuant to said employment plaintiff found a purchaser for thirty-eight of said automobiles in the person of C. H. Smith who was willing and able to purchase said automobiles at and for the price of $21,000, the price asked by defendant, and did sell to said customer all of said thirty-eight cars for said sum; that said automobiles were delivered to said purchaser for cash and plaintiff thereby became entitled to five per cent of said $21,000 from defendant; and defendant became obligated to pay said sum to plaintiff; that demand has been duly made therefor and payment has been refused. Judgment is asked in the sum of $1,050 together with interest and costs of suit.

The answer is a general denial and an admission of defendant's corporate existence. As further answer defendant specifically denies that it ever engaged or employed plaintiff as the petition alleges, or that plaintiff rendered the services claimed, and denies that it is indebted to plaintiff in any sum.

The defendant R. & V. Motor Company was a corporation engaged in the manufacture and sale of automobiles at East Moline, Ill., and maintained a sales office at 1906 McGee street in Kansas City, Mo. Another corporation, called the Root & Van Dervoort Engineering Company engaged in the manufacture of gasoline motors for automobiles and tractors had its plant on the opposite side of the street from the R. & V. Motor Company in East Moline, and the two companies used the same offices and appeared to have had the same officers. In February, 1922, one B. N. Ward, a salesman for the R. & V. Motor Co. was instructed by H. A. Holder who was president of both corporations, to go to Kansas City, Mo., and dispose of forty Saxon cars which one of said corporations had acquired. These cars previously had been shipped to Kansas City, and were stored in the warehouse of the R. &. V. Motor Company

on McGee street, but for the purpose of the sale Ward used a salesroom at 1701 Grand avenue.

Ward was accompanied to Kansas City by on C. L. Walker, assistant secretary of the Root & Van Dervoort Engineering Company and factory manager of the R. & V. Motor Company at East Moline, Ill. Walker and Ward advertised in local newspapers for salesmen, and also sent circulars to automobile dealers throughout the Kansas City territory. Personal letters also were sent out to approximately 1500 dealers calling their attention to the cars. Some six or seven of the cars were placed upon the floor of the display room and the price of each particular class of car was marked upon the windshield of its sample. Seven to ten stock cars were also placed in a back room. Pursuant to the advertisement Ward employed a number of salesmen, including plaintiff, and the cars were placed on display. There is no dispute that Ward agreed to pay each salesman, as commission, five per cent of any sales made at retail by such salesman.

G. L. Walker remained in Kansas City to assist Ward in disposing of the cars. The sale was opened on Monday and in the afternoon of the following day, pursuant to one of the circular letters, one C. H. Smith of Independence, Kansas, a dealer in automobiles, came to the display room and was met by plaintiff who showed him the cars and quoted the prices. Smith told plaintiff that he would be interested in buying all the cars if a satisfactory price were named for them. Plaintiff named twenty per cent off the marked price, but this was not satisfactory to Smith. Plaintiff then stated he had no authority to name any other price and the matter would have to be taken up with Mr. Ward who was ill at his hotel. It is in evidence that plaintiff introduced Smith to Walker and that Walker, in turn, introduced him to Ward. The deal then was consummated between Ward and Walker on the one side and Smith on the other, whereby for the sum of $21,000, the entire re-

maining stock of thirty-eight cars was sold to Smith for cash.

It was agreed that the various salesmen divide their time between working outside and on the sales floor, and each salesman had what was called a "floor day." Plaintiff was one of the salesmen on the floor at the time Smith entered. Plaintiff testified he quoted Smith the price of twenty per cent off, as per instructions from Ward, and that they sat in the back of a car and "dickered," and thereafter the deal was handled as above stated.

Edgar L. Miller, another salesman, who was present at the time of plaintiff's employment, testified as to the contract of employment that "we were to be given five per cent commission on all automobiles that we sold." This witness had sold one car at retail, and testified that he was paid the five per cent commission thereon, by check signed by the R. & V. Motor Co., defendant herein. He also corroborated plaintiff in the matter of details of the occurrences and conversations attendant on the sale to Smith. He also testified that "an automobile salesman considers everybody a prospect that he talks to, and when we get floor days, if anybody buys cars, he is considered a prospect of his no matter who helps him sell . . . the customs are that on what we call floor days, the salesman has floor day and anything that is sold in the house—say there are two men on the floor. Now, anything that is sold by that man or whoever sells it, regardless of if he is the manager of whatever it is, this salesman gets commission on it. That is a rule among automobile salesmen."

Plaintiff testified that he was told by Ward that the commission would be five per cent on all sales made and "if you can get a man to buy the whole bunch, see me, and we will figure him a good price." The testimony of Smith who bought the cars is that when he went into the place the first man he saw was plaintiff whom he had known for sometime; that plaintiff asked him if he was in the market for a car, to which he replied that

he was not, but that he would consider buying the whole lot if he could "buy them worth the money." That he was then introduced to Mr. Walker by plaintiff. Smith was defendant's witness.

Plaintiff further testified that at the time of his employment Ward said to him: "Any man that you talk to and they come back and you are not here, we will sell them, and you will get your full commission, as he is your customer." Plaintiff's testimony further tended to show that at the time of his employment nothing was said about whether he was to sell at retail or wholesale. Defendant's testimony was to the effect that the commission was to be paid salesmen on retail sales only. Further, the testimony of defendant was to the effect that the cars were the property of the R. & V. Engineering Company and that the defendant R. & V. Motor Company had no interest in them. Mr. Ward testified that the contract made with salesmen was expressly limited to retail sales and that any wholesale customers were to be turned over to him; that salesmen had nothing to do with the sale of cars at wholesale; that after the offer from Smith for the entire lot was received, it was necessary to take the matter up with the R. & V. Engineering Company before naming a figure.

The cause was tried to a jury, resulting in a verdict for plaintiff in the sum of $1130.15. After an unsuccessful motion for a new trial judgment was entered in accordance with the verdict and defendant appeals.

Defendant first charges the court erred in refusing to sustain its demurrers offered at the close of plaintiff's evidence and again at the close of the case, and argues (1) that there was no competent evidence that defendant was a party to the contract; (2) that the testimony of the alleged agents was of no evidentiary value; (3) that the purchaser was not procured, nor the sale made, by plaintiff; (4) that evidence of custom does not establish plaintiff's right to recover.

Defendant's position is that the only effort made by plaintiff to show that Ward and Walker represented

defendant was to present some testimony as to certain "loose statements claimed to have been made by Ward & Walker themselves," and that this was not competent evidence; that outside of an attempt to show that Ward and Walker introduced themselves, or one another, as representing defendant, there is no evidence that defendant had any interest in the cars in question.

If plaintiff's case depended upon this testimony alone, defendant's position in this respect might be tenable. [Waters-Pierce Oil Co., 98 Mo. App. 324, 329; Austin-Western Rd. Mach. Co. v. Bank (Mo. App.), 255 S. W. 585; 14 A. C. J. 403.] Evidence introduced by plaintiff discloses that the building at 1701 Grand avenue, where the cars were stored and offered for sale was rented by defendant and that the rent for the month of February, 1922, was paid by defendant. There was no showing that the building was sublet to the R. & V. Engineering Co. There was also evidence introduced by plaintiff to show that some of the cars sold were found to be short of parts and that such parts were supplied by defendant from its branch establishment at 1906 McGee street, and that some of the cars sold were stored on the second floor of said branch office. It was shown that another salesman, Edgar L. Miller, employed at the same time and under the same terms as plaintiff, had sold one of the cars in question and that he was paid the commission therefor by defendant. And there was evidence to the effect that the cars sold to Smith were invoiced to him by, and in the name of, defendant. Part of the testimony of plaintiff on cross-examination is as follows:

"Q. You were explaining to the jury that they (R. & V. Motor Co.) were successors. Did you mean that you know they have bought the business of the Root & VanDervoort Engineering Company? A. According to the trade magazines, they are the successors to the Root & VanDervoort Engineering Company. That is where they get the name 'R. & V.'

"Q. Do you know when they succeeded to the Root & Van Dervoort Engineering Company? A. No, not the definite date; but I remember reading about it in the automobile trade magazines."

This testimony, of course, was hearsay but it was developed on cross-examination and was without objection and must be taken for what it is worth. [Stewart v. R. R. Co. (Mo. App.), 262 S. W. 440; Sullivan v. R. R. Co. (Mo. App.), 211 S. W. 903.] There was introduced in evidence a letter from the defendant by its president, H. A. Holder, addressed to plaintiff's counsel, in reply to one sent him relative to the claim in controversy. This letter is dated East Moline, Ill., February 26, 1922, and is written upon a letter-head appearing as follows:

"R. & V. MOTOR COMPANY
"ROOT & VAN DERVOORT ENGINEERING CO.
"Manufacturers of
"AUTOMOBILES AND ENGINES."

The letter is addressed to Charles M. Bush, Kansas City, Mo., and reads as follows: "We have your letter of February 21 regarding claim of J. W. Laster for commission on the sale of Saxon cars.

"In our opinion, Mr. Laster has no standing in this claim but we have asked our attorneys, Messrs. Kenworthy, Dietz, Shallberg, Harper & Sinnett, to communicate with you in the matter.

"Very truly yours,

"HAH:LK          "R. & V. MOTOR COMPANY

"By H. A. HOLDER, President."

The rule is well established in this State that where there is any substantial evidence in support of plaintiff's cause of action the question involved is properly one for the jury. Plaintiff is entitled to the benefit of such evidence and all reasonable conclusions to be drawn therefrom. We hold the evidence of plaintiff was sufficient to justify the court in submitting the case to the jury on the first point presented by defendant on the question of demurrer.

Further, on the question of demurrer, defendant argues that the purchaser, Smith, was not procured by plaintiff and that evidence of custom does not establish plaintiff's right of recovery in this case.

On this point, it may be said that plaintiff is not limited to proof of custom in establishing his right to recover, for there was positive evidence offered by plaintiff to the effect that Ward had told him, in effect, that if any or all of the cars were sold by any salesman, or by others for him on his "floor day," the commission would belong to him. In this testimony plaintiff was corroborated by the witness Miller.

It is pointed out that custom was not pleaded in the petition. We think this is immaterial, in view of the fact that the oral contract is shown to have covered this point. There is evidence that Ward told the salesmen they were to dispose of the cars as quickly as possible; that the sale had been advertised by circulars and letters; that in selling the cars on the floor they would sell to all prospects who came in response to the advertising and that "any man that you talk to and they come back and you are not here, we will sell them, and you will get your full commission as he is your customer ". . . if you can get a man to buy the whole bunch, see me and we will figure him a good price. . . . he would consider any offer—to present any offer to them—either for one, or any part or all of them."

Thus it is seen that the terms of the contract and the understanding between Ward and plaintiff are the controlling elements on this point. Evidence as to the established custom in the business of selling automobiles may be considered only as tending to support the terms of the contract as stated by plaintiff. Under these terms, the fact that the purchaser, after plaintiff had received and attempted to sell him, was thereafter turned over to Ward and the sale completed, even at a different price, would not deprive plaintiff of his commission. It is insisted the court erred in admitting testimony, over defendant's objection, tending to show the custom

among automobile dealers and salesmen relative to commissions. At best the testimony was merely cumulative and went to the question of the terms of the oral contract.

Several witnesses testified they had been in the business of selling cars and were acquainted with the custom in this respect. Some of these questions were objected to because they were "incompetent, irrelevant, and immaterial" but such an objection has been held to be unavailing. [Hafner Mfg. Co. v. St. Louis, 262 Mo. 621; State ex rel. v. Diemer, 255 Mo. 336; Rowden v. Heisler Est. (Mo. App.), 219 S. W. 691.] The further objection that some of the questions "called for a conclusion of the witness" was not proper, when the question called for a statement of fact known to the witness. As to the point made by defendant that this evidence was inadmissible because custom was not pleaded, if this were the real objection to the questions, defendant should have so stated. It must be held therefore that in the absence of more specific objection, there was no error in the admission of the evidence.

Finally it is charged that plaintiff's instruction No. 1 is erroneous because it authorizes recovery without requiring a finding that plaintiff was the procuring cause of the sale. The instruction is as follows:

"The court instructs the jury that if you find and believe from the evidence that the defendant employed the plaintiff as its salesman to sell all or any part of the automobiles mentioned in evidence, agreeing to pay him a commission of five per cent upon all sales to purchasers introduced by plaintiff to defendant and that plaintiff's agency was the procuring cause of the negotiations between defendant and C. H. Smith, which resulted in the selling of the thirty-nine automobiles described in plaintiff's petition, then your verdict must be for the plaintiff even though you may further believe that the negotiations touching the sale of said automobiles were consummated through another agent or agents and without defendant having knowledge that

plaintiff's agency was the procuring cause of said nego-
tiations.''

We think the instruction is not open to the objec-
tion urged. Note the language ''and that plaintiff's
agency was the procuring cause of the negotiations
. . . which resulted in the selling of the . . .
automobiles described.'' Defendant's instructions D4
and D5 fully covered this phase of the case, by requir-
ing a finding at the hands of the jury that plaintiff was
the procuring cause of the sale. There is no conflict
between plaintiff's instruction No. 1 and these two given
for defendant. The giving of said instruction for plain-
tiff was not error.

Finding no reversible error of record we hold the
judgment should be affirmed, and it is so ordered.

All concur.