HERRING & KELLEY V. JOSEPH H. WHITE ET AL.

No. 163.

**1. Evidence—Parol, Admissible to Prove Absolute Deed a Mortgage.**—Parol evidence is admissible to prove that a deed absolute upon its face was intended as a security for a debt, and is therefore a mortgage.

**2. Acknowledgment—Impeaching Certificate.**—A certificate of acknowledgment is conclusive of the facts therein stated, unless fraud or imposition is alleged, and in which the grantee participated or had knowledge. In this case the testimony of the interpreter for the notary at the time Mrs. White, a Portuguese, one of the appellees, signed and acknowledged the deed, to the effect that he explained the instrument of conveyance to her as a mortgage on the land to secure money to pay lawyer fees to appellants, though offered for the purpose only of showing that the deed absolute on its face was in fact executed as a mortgage, and not for the purpose of attacking the notarial certificate, is held inadmissible in the absence of satisfactory proof that the grantees knew that the instrument was explained to her as a mortgage.

**3. Improper Charge—Submitting Issues not Made by Pleadings and Evidence.**—As the action is simply trespass to try title, with no alternative prayer for foreclosure, and the only issue made by the pleadings and evidence was whether the deed was intended as a sale of the land to appellants, or as a mortgage, the charge of the court upon the matters of homestead and separate property of the wife was improper, and calculated to confuse and mislead the jury.

**4. Wife's Separate Property.**—If the property was the separate property of the wife she could encumber it by mortgage for the debts of the community, or the separate debts of the husband; and she could also convey the title, absolutely or conditionally, upon such consideration, by joining her husband in a deed.

APPEAL from Hill. Tried below before Hon. J. M. HALL.

*Herring & Kelley*, for appellants.—1. The deed of a married woman, duly acknowledged and certified to, can not be shown to be different in legal meaning and effect from what it purports to be, in the absence of some plea attacking it for fraud. Davis v. Kennedy, 58 Texas, 519; Walter v. Weaver, 57 Texas, 571; Pool v. Chase, 46 Texas, 210; Gray v. Shelby, 18 S. W. Rep., 809.

2. In order to convert an absolute deed into a mortgage, the evidence must be clear, strong, and convincing. Brewster v. Davis, 56 Texas. 479; Miller v. Yturria, 69 Texas, 554, 555.

3. The proof must be so clear as to leave in the mind of the court no hesitation or doubt. Satterfield v. Malone, 35 Fed. Rep., 445.

*McKinnon & Carlton*, for appellees.—1. The evidence was not offered for the purpose of attacking the validity and legality of the notarial certificate to the acknowledgment, but was offered as tending to show that the

deed, at the time of its execution, was intended to be a mortgage, and it was so understood between appellants and Joseph H. White and his wife. Gray v. Shelby, 18 S. W. Rep., 809; Davis v. Brewster, 59 Texas, 95; Carter v. Carter, 5 Texas, 101; Loving v. Milliken, 59 Texas, 423.

2. The court's charge clearly submitted to the jury that plaintiffs were entitled to recover unless the instrument was a mortgage.

FINLEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, brought by Herring & Kelley against Joseph H. White and wife, Etelvina B. White, in the District Court of Hill County, for the recovery of two tracts of land, 100 acres and 78 acres respectively, out of the Madrigal and Mackey surveys.

After service of process, Joseph H. White died, and his heirs were made parties. All the defendants appeared, the minors being represented by S. C. Upshaw, Esq., as guardian ad litem, and pleaded by general demurrer, general denial, and not guilty. The case was tried March 9, 1892, and resulted in a verdict and judgment for defendants, from which plaintiffs have appealed and assigned errors.

The first assignment of error complains of the action of the court in admitting in evidence the depositions of Thomas White, who acted as interpreter for the notary at the time Mrs. White signed and acknowledged the deed, to the effect that he explained the instrument of conveyance to her as a mortgage on the land to secure money to pay lawyers' fees to Herring & Kelley for the defense of White, her husband, then in jail on a criminal charge. The grounds of objections urged were as follows: "Said certificate [of acknowledgment] is conclusive against said Etelvina White, and can not be so attacked under the pleadings of the defendants; an attack for such cause must be distinctly alleged, and the allegation would be insufficient to admit of such proof unless it charged that plaintiffs had knowledge of or participation in such fraud or misrepresentations." The bill of exception is allowed, with the following explanation endorsed thereon by the trial judge: "At the time the objections were made to the evidence of Thomas White, on the grounds as stated in the bill, counsel for the defendants stated to the court in the hearing of the jury, that the evidence was not offered for the purpose of attacking the notarial certificate, but for the purpose only of showing that the deed introduced in evidence, which was absolute on its face, was in fact executed as a mortgage, and was so intended and understood by plaintiffs and Joseph H. White and Etelvina White, and was intended to secure a fee of $2000 to plaintiffs. The court then stated that the evidence would be admitted for that purpose only."

The doctrine that parol evidence is admissible to prove a deed, absolute upon its face, was made and intended as a security for a debt, and is therefore a mortgage, is too well settled to require the support of a

reference to authorities. It is also settled by the repeated decisions of this court, that under the plea of "not guilty" in the action of trespass to try title, the defendant may give in evidence any special matter of defense to the action, whether legal or equitable. In order to admit evidence of such matter of defense, it is not necessary for the defendant to plead it specially. This is an anomaly in our pleadings, but it is the law, and can only be changed by the law making power. The court therefore did not err in admitting the defendants' evidence under the plea of "not guilty" to prove that "his deed, * * * though on its face an absolute conveyance, was in fact a mortgage." Mann v. Falcon, 25 Texas, 275.

But it is not upon the idea that testimony should not be admitted under a plea of "not guilty" to prove a deed absolute in form to be a mortgage in fact, that it is contended by appellants that the evidence is not admissible. The contention is, that the effect of the evidence is an attack upon the certificate of acknowledgment; a contradiction, and destructive of the force of the facts recited in such certificate; and that such evidence could only be admissible under pleadings alleging fraud or imposition, in which appellants participated or had knowledge.

While on the other hand, appellees urge that the object and effect of the testimony is to prove the intention with which the conveyance was executed, and that it is admissible as a circumstance bearing upon that issue.

No doctrine is better settled in this State than the proposition, that a certificate of acknowledgment is conclusive of the facts therein stated unless fraud or imposition is alleged, and in which the grantee participated or had knowledge. Hartley v. Frosh, 6 Texas, 208; Shelby v. Burtis, 18 Texas, 644; Wiley v. Price, 21 Texas, 637; Pool v. Chase, 46 Texas, 210; Williams v. Pounds, 48 Texas, 146; Kocourek v. Marak, 54 Texas, 205; Walters v. Weaver, 57 Texas, 571; Davis v. Kennedy, 58 Texas, 519.

In Brewster v. Davis, 56 Texas, 479, Mr. Justice Gould, delivering the opinion of the court, says: "Ordinarily, when parol evidence is admitted to show that a deed, absolute on its face, was intended by the parties as a mortgage, it is done with the view of its enforcement as a mortgage. On the ground that equity forbids the use of the deed as a conveyance where the parties only design it to operate as a security, parol evidence is allowed to show such was the intention of the parties. The appeal is for equitable relief, and is accompanied by the proffer to do what equity requires by submitting to the enforcement of the instrument as a mortgage. In such case the proof must be clear, satisfactory, and convincing. But here the attempt is to show by parol that a deed, absolute on its face, was intended merely as security, the purpose being not to allow it to operate as intended, but to absolutely cancel and annul the instrument on the ground that by the Constitution and laws of this State any mortgage or lien on the homestead is invalid. Doubtless the

illegality of this contract may be shown to defeat it,   \*   \*   \*   these facts being established by clear and strong proof.''

In Miller v. Yturria, 69 Texas, 550, a suit of trespass to try title, wherein the defendant alleged that the instrument under which plaintiff claimed title, though an absolute deed on its face, was intended as a mortgage, Mr. Justice Gaines, delivering the opinion of the court, in passing upon the admissibility of evidence similar to that here under consideration, said:   '' The defendant offered to testify, that when she acknowledged the instruments before the county clerk he gave her to understand that they were a mortgage; and also offered to prove by the clerk, that when he took the acknowledgment he explained to her that ' she had the right to redeem her homestead property,' and that the defendant signed the papers with the expression, that ' If I can redeem my property I will sign the papers.'   The rulings of the court in excluding this testimony are the grounds of the sixth and seventh assignments of error.   It is well settled in this court, that the wife can not defeat a conveyance of the homestead or the separate property by showing that at the time her acknowledgment was taken she did not understand its import, or that the officer did not properly explain it to her, unless she also shows that these facts were brought to the knowledge of the grantee. \*   \*   \*   Hence it was not error to exclude the evidence.''

In the case just cited, the purpose of the proof was to establish the intention with which the instrument was executed, and the fact that the wife was told when her acknowledgment was taken that the instrument was a mortgage, was offered as a circumstance tending to prove the issue. The evidence was held incompetent, in the absence of proof that the grantee knew of such representation to her.   It is contended in the case at bar, that Judge M. D. Herring, one of the appellants, knew that Mrs. White signed the deed with the understanding and under the representation that it was a mortgage.   It is true that Judge Herring was present when the acknowledgment was taken; but Mrs. White was a Portuguese, did not speak the English language, and the deed was explained to her, at the instance of the notary, by Thomas White, her stepson, in the Portuguese language.   So far as understanding what the interpreter said to Mrs. White is concerned, Judge Herring's presence at the time does not in the slightest degree indicate such knowledge; he might as well have been absent, as the language used was foreign and strange to him. It does appear that during the time the acknowledgment was being taken that Thomas White spoke of the deed to the notary, in English, as a mortgage, and this Mrs. White did not understand, but the notary told him to look at the deed, it spoke for itself.   Judge Herring says, that when this occurred, he said, '' Stop; no, it is an absolute deed,'' and requested that the interpreter so explain it to her; that the interpreter did speak to her again, and claimed to have made it so understood to her.

The notary does not recollect this, but does not deny that it occurred. The evidence falls far short of being satisfactory proof that Judge Herring knew that the instrument was explained to Mrs. White as a mortgage.

We think the court erred in admitting the evidence. As this will require a reversal of the cause, we do not deem it necessary to pass upon all the assignments, but will indicate our views upon the material issues in the case sufficiently for the purposes of another trial.

Under the pleadings and evidence there was but one issue involved in the trial. If a sale of property was intended in payment for the legal services of Herring & Kelley, plaintiffs were entitled to recover; but if it was intended by the parties that a lien only upon the property should exist to secure the future payment of Herring & Kelley for such services, then plaintiffs would not be entitled to recover. This is true, regardless of the matters of homestead and separate property of the wife; and the charge of the court upon these features was improper and calculated to confuse and mislead the jury.

The instruments introduced in evidence, upon which plaintiffs seek to recover, show that a sale of the property was intended to be made in satisfaction of the fees of Herring & Kelley for legal services. And unless the defendants established by evidence the fact that the intention of the parties to the contract was different from that expressed in its written terms, and that a mortgage only was intended to secure the future payment of Herring & Kelley's fees, plaintiffs were entitled to recover, and the judge should have plainly so instructed the jury.

Under a different state of the pleadings, the homestead issue could have been involved, and a charge upon it would have been proper and demanded. Had the plaintiffs asked in the event it was determined that a mortgage merely was intended by the parties, then that their mortgage lien be foreclosed, it would have been proper for the court in its charge to have instructed the jury what constituted the homestead, and that such mortgage would not be valid against it. But no such relief was asked, and under the pleadings it is a simple suit of trespass to try title, and a foreclosure could not have been properly decreed.

The matter as to the separate property of the wife was wholly foreign to the issues as made, and we can not see, as the case is now developed to us, how such an issue could well be made pertinent. If the property was the separate property of the wife, she could encumber it by mortgage for the debts of the community, or the separate debts of the husband; and she could also convey the title, absolutely or conditionally, upon such consideration, by joining her husband in a deed.

For the errors indicated in the opinion, the judgment of the lower court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered January 31, 1894.