BRYANT et al. v. GRAND LODGE SONS OF HERMANN.

(Court of Civil Appeals of Texas. Texarkana. Dec. 20, 1912. Rehearing Denied Jan. 2, 1913.)

1. ACKNOWLEDGMENT (§ 55*)—CONCLUSIVENESS OF CERTIFICATE.

A certificate of acknowledgment of a wife's deed is conclusive of the facts recited therein, in the absence of fraud upon the wife, participated in by the person claiming under the deed.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 290–314; Dec. Dig. § 55.*]

2. VENDOR AND PURCHASER (§ 232*)—BONA FIDE PURCHASER—NOTICE—POSSESSION OF LAND.

While as a rule possession of land is notice of any rights of the parties in possession, the fact that persons who had previously granted land by an unrecorded deed absolute on its face were in possession when the grantee conveyed to another, exhibiting his deed from his grantors to the purchaser, would not put the purchaser on notice that the first deed was only intended as a mortgage.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 540–562; Dec. Dig. § 232.*]

Appeal from District Court, Cooke County; Clem B. Potter, Judge.

Action by Mrs. Sudie Bryant and others against Grand Lodge Sons of Hermann. From a judgment for defendant, plaintiffs appeal. Affirmed.

E. A. Blanton, of Gainesville, for appellants. H. S. Holman, of Gainesville, for appellee.

WILLSON, C. J. T. W. Morris died August 29, 1907. Mrs. Sudie Bryant is his widow. The other appellants are their children. While Morris and Mrs. Bryant were husband and wife, Morris purchased of Beattie, Jones & Whaley, and, in consideration of the execution and delivery to them by Morris of his three promissory notes for $100 each, payable December 1, 1899, 1900, and 1901, respectively, they conveyed to him by their deed dated December 1, 1898, 65 acres of land in Cooke county. Immediately thereafterwards Morris and Mrs. Bryant and their children moved to the land, and until March 13, 1906, occupied, used, and claimed as their homestead all except 20 acres thereof, which they sold and conveyed to one Lynch about December, 1902. By the terms of the deed to Morris a vendor's lien was retained on the 65 acres of land to secure the payment of the three notes referred to. After one Mosely became the owner of said notes, Morris executed and delivered to him as a substitute therefor, or renewal thereof, his note for $300. According to testimony on behalf of appellants, on February 14, 1906, there was a balance of $80 still unpaid of the purchase money represented by said $300 note. Ac-

cording to testimony on behalf of appellee, the balance then unpaid of said purchase money was $207. To obtain money to pay a debt he owed one Maupin, and perhaps other debts, Morris, accompanied by Maupin, about February 14, 1906, called on one Dickerman for the purpose of arranging with him to act with Morris in an effort to secure a loan on the land. To accomplish this it was agreed that Morris and his wife should make and deliver to Dickerman their deed purporting to convey the land to him in consideration of $700 in cash and his note for $500 and interest, secured by a vendor's lien on the land. On the faith of the security the note was to be negotiated, and in that way a loan of $500 on the land was to be obtained. In accordance with this agreement Morris and his wife executed and delivered to Dickerman their deed, dated said February 14, 1906, containing covenants of general warranty, and on its face purporting to convey the 65 acres of land to Dickerman. An effort was made to sell the note made by Dickerman in accordance with the agreement to one Frank Morris, representing appellee, when Dickerman was informed by said Frank Morris that T. W. Morris owned only 45 of the 65 acres described in his deed to Dickerman. Thereupon Morris and his wife executed and delivered to Dickerman another deed, containing like covenants, dated February 23, 1906, and purporting on its face to convey 45 of the 65 acres to Dickerman in consideration of $700 in cash, the execution and delivery to them by Dickerman of his promissory note for $293 secured by a vendor's lien retained on the land, and the assumption by him of the payment of the balance of the purchase money due on the land represented by the three notes for $100 each made by Morris December 1, 1898, and the note for $300 made by him as a substitute for said three notes. In accordance with an agreement then entered into between Frank Morris, acting for appellee, and Dickerman and T. W. Morris, Frank Morris paid to Mosely the balance of $207, claimed to be due on the $300 note mentioned above, which Dickerman had assumed to pay, took a transfer of said note from Mosely to appellee, and paid to T. W. Morris the amount of the $293 note made by Dickerman, and took a transfer thereof from T. W. Morris to appellee. In this way appellee became the owner of the debt representing part of the purchase price T. W. Morris had agreed to pay for the 65 acres, which Dickerman had assumed, and of the debt representing part of the purchase price Dickerman had agreed to pay for the 45 acres— amounting altogether, as appellee claimed, to $500. In lieu of the notes representing this indebtedness of Dickerman to it of $500, appellee had Dickerman to execute and deliver to it his note for $500, payable five years after its date, and to secure the pay-

ment thereof had Dickerman to execute and deliver a deed conveying the 45 acres of land to one Hess as trustee. The transactions just detailed seem all to have occurred on February 23, 1906—the day of the date of the deed conveying the 45 acres from T. W. Morris and his wife to Dickerman. The $500 note made by Dickerman in appellee's favor not having been paid, the trustee in accordance with the terms of the deed, to him sold the 45 acres, and on October 4, 1911, by his deed of that date, conveyed same to appellee, the purchaser at the sale. The suit resulting in the judgment from which this appeal is prosecuted was brought by appellants to cancel the deed of T. W. Morris and his wife to Dickerman and the deed of the trustee named to appellee, as clouds on their title to the 45 acres of land. Appellants' contention was that the 45 acres of land, at the time of the transactions referred to, was the homestead of T. W. Morris and his wife, and that the conveyance thereof to Dickerman was void because it was a pretended sale of the land to Dickerman, made for the purpose and with the understanding of the parties to it that the deeds to Dickerman, though absolute on their face, should operate only as mortgages to secure a loan of money to T. W. Morris. In support of the contention it was conclusively shown that at the time of the transactions detailed the land was the homestead of said T. W. Morris and his wife, and it was conclusively shown that no part of the $700 mentioned in the deeds to Dickerman as having been paid in cash was ever paid, that the conveyances to Dickerman were simulated, and that it was understood between said T. W. Morris and his wife and Dickerman that after the purpose thereof, to secure a loan on the land, had been accomplished, Dickerman was to reconvey the land to them. It also was conclusively shown that about the time the loan was obtained by Dickerman from appellee he did reconvey the land to T. W. Morris. Appellants further contended that the deed of February 23, 1906, from T. W. Morris and his wife was void because same was not explained to the wife privily and apart from her husband, or at all, by the officer who took her acknowledgment, as required by law. Const. art. 16, § 50; Sayles' Stat. art. 4618. It was shown, in support of this contention, that the officer who took Mrs. Bryant's acknowledgment to said deed took same in the presence of her husband and did not explain same to her. Appellee's contention was that it had no knowledge or notice of the fact that the conveyance to Dickerman was intended to operate otherwise than as an absolute conveyance to him of the land, or of the fact that the requirements of the law had not been complied with by the officer who took Mrs. Bryant's acknowledgment thereto, but acted in the transaction in good faith, believing

the deed to be what it purported on its face to be, an absolute conveyance of the land, and believing its execution to have been acknowledged by the wife as the officer's certificate thereto indicated it had been. On special issues submitted to them the jury found that Frank Morris, who acted for appellee in lending the money on the faith of the security afforded by the liens on the land, did not know that the sale by T. W. Morris and his wife to Dickerman was a simulated one; did not know of any facts connected with that transaction which should have caused a person of ordinary prudence to make inquiry in regard thereto, but, on the contrary, acted in good faith, believing that the sale of the land to Dickerman was as it purported to be, an absolute one. They further found that Frank Morris at the time he made the loan for appellee did not know that the requirements of the law had not been complied with by the officer who took Mrs. Bryant's acknowledgment to the deed of February 23, 1906, and did not know facts which should have caused him to make inquiry to ascertain the truth about the manner in which her acknowledgment was taken. The jury further found that said Frank Morris, in making the loan for appellee, exercised the care an ordinarily prudent person would have exercised under the same circumstances. On the findings of the jury and "the uncontroverted facts" shown by the testimony, the court below rendered a judgment that appellants take nothing by their suit against appellee.

[1, 2] The certificate of the officer who took Mrs. Bryant's acknowledgment of the execution by her of the deed of February 23, 1906, to Dickerman, was in the form prescribed by the statute, and showed that he had examined her privily and apart from her husband and explained the deed to her. It is not pretended that the finding of the jury that appellee had no notice of anything indicating the truth to be the contrary of what the officer's certificate showed it to be was not supported by the testimony. The rule being that such a certificate is conclusive of the facts recited in it, unless fraud or imposition participated in by the person claiming under the instrument is shown to have been practiced upon the wife (Herring v. White, 6 Tex. Civ. App. 249, 25 S. W. 1016), it is clear that the fact that the officer who took Mrs. Bryant's acknowledgment did not examine her privily and apart from her husband and explain the instrument to her was not a reason why the deed should have been held to be void as against appellee. It follows therefore that, if the judgment rendered was not the one which should have been rendered by the court below, it must have been because it conclusively appeared from the testimony that appellee was chargeable with notice of the fact that the conveyance to Dickerman was intended to operate as a mortgage, and not as a deed, and that the finding of the jury to the contrary was without support in the testimony. It appeared that neither of the deeds from T. W. Morris and his wife to Dickerman had been recorded, or filed in the office of the county clerk for record, at the time appellee made the loan on the land. It further appeared that at that time T. W. Morris and his wife resided upon the land, and that Frank Morris, who made the loan for appellee, at the time he made it knew they resided thereon. The contention is that appellee as a matter of law was chargeable with notice of the nature of the transaction between Dickerman and Morris and his wife, because the latter were in possession of the land at the time appellee made the loan. The general rule undoubtedly is that possession of land operates as notice of whatever rights the party in possession has to it. Watkins v. Edwards, 23 Tex. 449; Hawley v. Bullock, 29 Tex. 216. The rule is not without an exception, however, and the question here is whether this case on its facts is not within the exception recognized in Eylar v. Eylar, 60 Tex. 315, and other cases. In the Eylar Case it was contended that the conveyance, absolute on its face, of a part of the homestead, was void because intended by the parties to it to operate as a mortgage, and, the grantors remaining in possession of the land, that the purchaser from their grantee was chargeable with notice of their rights. The court said that the sole office that possession in such a case performs, in the matter of notice, is to put a person desiring to purchase the property upon inquiry as to the rights of the parties in possession, and held that the possession of the grantors did not operate to charge the purchaser from their grantee with knowledge of their rights, because the purchaser in making such inquiry sufficiently prosecuted same when he looked to the records and there found a deed from the grantors in possession declaring their grantee "to be the true and absolute owner of the land." The only difference between that case and this one, so far as the question of notice is concerned, is that there the deed from the grantors had been recorded in the office of the county clerk at the time the purchaser bought from the vendee named in it, while here the deed to Dickerman had not been so recorded. It was in Dickerman's possession, however, and was by him exhibited to Frank Morris on the day it was executed, and the loan made by appellee on the faith of it was made on the same day. It seems to us, if the purchaser in the one case sufficiently prosecuted an inquiry he should have made because the grantors remained in possession of the land, when he looked to the records and found there a deed declaring the grantee named in it to be the owner of the land,

that appellee should be held to have sufficiently prosecuted the inquiry it should have made because T. W. Morris and his wife remained in possession of the land in controversy, when its agent Frank Morris found Dickerman in possession of the deed from T. W. Morris and his wife declaring him "to be the true and absolute owner of the land." The possession of the grantors in the one case was not more inconsistent with a previous sale by them than it was in the other. On the authority of the Eylar Case and others more or less like it, where the exception to the general rule is recognized as existing (Hurt v. Cooper, 63 Tex. 362; Love v. Breedlove, 75 Tex. 649, 13 S. W. 222; Stephens v. Summerfield, 22 Tex. Civ. App. 182, 54 S. W. 1088; Cooper v. Ford, 29 Tex. Civ. App. 253, 69 S. W. 487; Chamberlain v. Trammell, 131 S. W. 227; Graves v. Kinney, 95 Tex. 210, 66 S. W. 293; Heidenheimer v. Stewart, 65 Tex. 321), we think it must be held that the judgment rendered by the court below was the only one authorized by the facts of the case. Therefore it is affirmed.