## HASKINS v. HENDERSON. (No. 3476.)

Court of Civil Appeals of Texas. Texarkana.
Jan. 26, 1928.

1. **Acknowledgment ⟺55(I)—Certificate of acknowledgment is conclusive of facts therein stated, unless fraud in which grantee participated is alleged.**

Certificate of acknowledgment is conclusive of facts therein stated, unless fraud or imposition in which grantee participated, or had knowledge of, is alleged and proved.

2. **Appeal and error ⟺909(5)—Court must assume that certificate of acknowledgment showed notary complied with statute, where certificate was not part of record (Rev. St. 1925, art. 6605).**

Where neither instrument plaintiff sued on to cancel, nor officer's certificate showing plaintiff to have acknowledged execution thereof, was made part of record sent to appellate court, appellate court must assume that certificate showed that, in taking acknowledgment, notary complied with requirement of Rev. St. 1925, art. 6605, that conveyance or instrument be explained to married woman on examination apart from her husband.

3. **Acknowledgment ⟺55(2)—Certificate of acknowledgment to deed by married woman was conclusive of facts therein stated, where there was nothing showing that if notary taking acknowledgment did not comply with statute grantee knew it (Rev. St. 1925, arts. 4618, 6605).**

Trial court had right to treat certificate of acknowledgment by married woman to instrument purporting to be deed, but which plaintiff claimed was mortgage covering homestead property, as conclusive of facts recited therein, where there was nothing before him showing that if notary did not comply with requirements of Rev. St. 1925, art. 6605, requiring officer taking acknowledgment of married woman to explain instrument to her, and article 4618 relating to sale of homestead, grantee knew it.

4. **Evidence ⟺589—Court could believe defendant's testimony that plaintiff and husband knew they were executing absolute deed, and base judgment thereon, though contradicted.**

In suit to cancel written instrument executed by plaintiff and her deceased husband, purporting to be deed conveying land, court had right to believe defendant's testimony that plaintiff and husband knew instrument was absolute deed, and not deed of trust to their homestead, and base his judgment for defendant thereon, notwithstanding such testimony may be contradicted by testimony of all other witnesses in case.

5. **Appeal and error ⟺1050(I)—In suit to cancel instrument purporting to be deed by plaintiff and husband, admitting testimony of deceased husband's statements regarding transaction held harmless.**

In suit to cancel written instrument executed by plaintiff and her deceased husband, purporting to be deed, but which plaintiff claimed was deed of trust to homestead, admitting testimony of statements by deceased husband regarding transaction, and of payments of money to him by defendant made after instrument was executed and delivered, if error, held harmless where defendant's testimony warranted judgment rendered.

6. **Appeal and error ⟺1054(I)—Error in admitting testimony in trial to court is not ground for reversal when there is other competent evidence supporting judgment.**

Error in admitting testimony, where trial is to court without jury, is not ground for reversal of judgment when there is other and competent evidence sufficient to support judgment.

7. **New trial ⟺102(I)—New trial for newly discovered evidence held properly denied, where diligence to discover testimony sooner was not shown.**

Motion for new trial on ground of newly discovered evidence held properly denied, where it did not appear that diligence was used to sooner discover testimony and offer it at trial.

8. **New trial ⟺124(I)—Motion for new trial for newly discovered evidence held properly denied, where motion, on ground stated, was not sworn to.**

Motion for new trial on ground of newly discovered evidence held properly denied, where motion for new trial, on ground stated, was not sworn to.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Action by Ammer Haskins against W. L. Henderson. From the judgment, plaintiff appeals. Affirmed.

The suit was by appellant, Ammer Haskins, widow of Marshall Haskins, deceased, against appellee, W. L. Henderson. It was to cancel a written instrument executed, appellant alleged, by her and her deceased husband April 7, 1925, purporting to be a deed conveying outright 204½ acres of land in Cass

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

county to appellee. Appellant alleged that at the time she and her husband executed the instrument they were occupying and using the land as their homestead, and continued to so occupy and use it until July 29, 1926, when her husband died; and that after his death she occupied and used it as her homestead. She alleged further that, while the instrument purported to be an absolute conveyance of the land, it was intended to operate as security for money loaned by appellee to her husband. She alleged further that the officers who took her acknowledgement to the instrument did not explain same to her privily and apart from her husband as was required by law. Articles 4618 and 6605, R. S. 1925. In his answer appellee denied that the instrument was intended to operate as a mortgage or security for indebtedness to him, and alleged the fact to be that appellant and her husband sold the land to him for $1,200 paid and to be paid to them by him, and that the instrument was intended by the parties to it to be what it purported to be, to wit, an absolute conveyance of the land to him. He admitted he owed $300 of the price he was to pay for the land, and tendered the amount to appellee. He alleged that tne officer who took appellee's acknowledgment to the instrument explained same to her, and denied that he or any one else except the officer was present at the time appellee acknowledged the execution of the instrument. The trial was to the court without a jury. The appeal prosecuted by appellant is from a judgment in her favor against appellee for $300, and in appellee's favor for the land. The court's findings of fact and conclusions of law were not reduced to writing and made a part of the record as they might have been. Articles 2208 and 2247, R. S. 1925.

O'Neal & Harvey, of Atlanta, for appellant.

Patman & Moseley, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellant insists the judgment was contrary to the evidence and the law in that "the evidence showed that the acknowledgment of the plaintiff, Ammer Haskins, was taken by the notary without explaining or reading it [the deed] over to her, and that W. L. Henderson was present or near by when the acknowledgment was taken," and in that "all of the testimony [except that of W. L. Henderson] of witnesses for both plaintiff and defendant showed that Marshall Haskins and wife thought they were signing a deed of trust to their homestead."

[1-3] The notary who took appellant's acknowledgment testified he did not read the instrument to her nor explain it to her further than to tell her "it was a deed." There was testimony which might have been construed as showing that appellee and appellant's husband were "near by," but none showing that either of them was "present," when the notary took her acknowledgment. The testimony of the notary that he did not take appellant's acknowledgment "in the presence of her husband," but "called her out in the hall there," was not contradicted. There was no testimony showing where appellee was at the time the notary took the acknowledgment, nor, if the notary in taking it failed to comply with any requirement of the law, that he (appellee) knew anything about such failure. The rule is that:

"A certificate of acknowledgment is conclusive of the facts therein stated, unless fraud or imposition is alleged, and in which the grantee participated or had knowledge." Finley, J., in Herring v. White, 6 Tex. Civ. App. 249, 25 S. W. 1016; Ellis v. Lehman, 48 Tex. Civ. App. 308, 106 S. W. 453; Bryant v. Grand Lodge Sons of Hermann (Tex. Civ. App.) 152 S. W. 714; Ellington v. Bryant (Tex. Civ. App.) 293 S. W. 327.

Of course, if it was necessary to allege such facts, it was necessary to prove them. Neither the instrument appellant sued to cancel, nor the officer's certificate showing appellant to have acknowledged the execution thereof, was made a part of the record sent to this court. Assuming, as we should in that state of the record, that the certificate showed that in taking the acknowledgment the notary complied with the requirement of the statute (article 6605, R. S. 1925), we think the trial court had a right under the rule to treat the certificate as conclusive of the facts recited in it, for there was nothing before him showing, if the notary did not comply with the requirements of the statute, that appellee knew it.

[4] It ought not to be necessary to say anything about the other ground of the contention, for in presenting it appellant in effect concedes that the judgment was supported by the testimony of appellee as a witness. The court had a right to believe his testimony and base the judgment he rendered thereon, notwithstanding it may have been contradicted, as appellant insists it was, by the testimony of all the other witnesses in the case. Harpold v. Moss, 101 Tex. 540, 109 S. W. 928; Waterman Lumber Co. v. Shaw (Tex. Civ. App.) 165 S. W. 127.

[5, 6] Appellant complains because the trial court, over her objection, admitted testimony of certain statements of Marshall Haskins in regard to the transaction in question and of payments of money to him by appellee, made after the instrument purporting to be a deed was executed and delivered by appellant and said Marshall Haskins to appellee. Whether the court erred in admitting the testimony need not be determined, for if he did the error should be treated as harmless, for, as we have determined, the testimony of appellee as a witness warranted the judgment rendered.

Error in admitting testimony, where the trial is to the court without a jury, is not ground for reversal of a judgment when there is other and competent evidence sufficient to support the judgment. Biggs v. Doak (Tex. Civ. App.) 259 S. W. 665; Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195; Davis v. Bowen (Tex. Civ. App.) 256 S. W. 621.

[7, 8] The contention remaining undisposed of is that the trial court erred in not granting appellant a new trial because of "newly discovered evidence." Assuming, without determining, that the evidence referred to was material and would be admissible on another trial, the contention is overruled because it does not appear in the record sent to this court that diligence was used to sooner discover the testimony and offer it at the trial, and because the motion for a new trial on the ground stated was not sworn to. Houston Lighting & Power Co. v. Hooper, 46 Tex. Civ. App. 257, 102 S. W. 133; Ruhrup v. Southwest Cigar Co. (Tex. Civ. App.) 293 S. W. 284; Austin Electric Ry. Co. v. Faust, 63 Tex. Civ. App. 91, 133 S. W. 449.

The judgment is affirmed.