**PEREZ v. HOUSTON & T. C. R. CO.**
(No. 644.)

Court of Civil Appeals of Texas. Waco.
April 12, 1928.

**1. Master and servant ⚖️297(2)—Findings that contributory negligence caused injury, that employer was guilty of negligence not causing injury, and that injury was accidental held not to conflict.**

In suit by railroad section hand against employer for personal injuries, the jury's findings that employee was guilty of contributory negligence which caused his injury, that the employer was guilty of negligence which was not the cause of the injury, and that the injury was the result of an accident *held* not in conflict so as to require findings to be set aside and a new trial ordered.

**2. Trial ⚖️358—Court should declare mistrial where essential findings for judgment conflict and destroy each other.**

Where the essential findings of the jury required for the court to enter judgment are in such conflict that one finding destroys the other, and therefore the findings amount to no finding at all, the trial court should refuse to enter a judgment and should declare a mistrial.

**3. Trial ⚖️358—For conflict in findings to preclude entry of judgment, answers to certain issues must show party entitled to judgment, and answers to others that he would not be but the other party would be so entitled.**

In order for there to be such a conflict in the findings of the jury that a judgment cannot be entered, it must appear from the answers to certain issues that one party would be entitled to judgment, and under the answers to other issues that he would not be so entitled but the other party would be entitled to judgment; the mere fact of inconsistencies in findings not being sufficient to authorize the trial court to refuse to enter judgment thereon if, as a matter of law, under no phase of the findings, and in no contingency, could any other judgment be entered.

**4. Judgment ⚖️256(2)—Where, on controlling issues, jury finds facts without contradictory finding, court should enter judgment in conformity therewith.**

Where the jury, on the controlling issues, finds the facts and there is no contradictory finding, the trial court should enter judgment in conformity with jury's findings.

**5. Master and servant ⚖️297(4)—Employer held entitled to judgment on findings for it against injured section hand on controlling issues.**

Railroad company, employer, *held* entitled to judgment in its favor, where jury found that employer was not guilty of any negligence which caused injury to employee, a section hand, that employee was guilty of contributory negligence, that the injury received was the result of a risk of employment which employee had assumed, and that the injury was the result of an unavoidable accident; such findings being for employer on each controlling issue.

**6. Master and servant ⚖️297(4)—Employee held not entitled to $500 judgment, though jury found he should recover amount if entitled to recover, where all issues were found for employer.**

Employee *held* not entitled to judgment for $500 under jury's finding that, if appellant was entitled to recover any sum of money at all, he should recover $500, where jury found for employer on each controlling issue.

Appeal from District Court, Ellis County; Tom J. Ball, Judge.

Suit by Paul Perez against the Houston & Texas Central Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Lem Wray and Mark Smith, both of Waxahachie, for appellant.

John H. Sharp, of Ennis, and Baker, Botts, Parker & Garwood, of Houston, for appellee.

BARCUS, J. Appellant filed this suit against appellee, seeking to recover for personal injuries which he claimed to have received while working as a section hand. He alleged that he had his foot injured by reason of a heavy piece of bridge timber, which was being unloaded, falling upon and crushing it. He alleged that appellee was guilty of negligence (a) in requiring him to work in the rain and in an unsafe and insecure place; (b) in failing to have a sufficient number of men to handle the bridge timbers; (c) in having the heavy bridge timbers handled without having issued intelligible rules for plaintiff to work by; and (d) in having employed incompetent men to assist in the work. Appellee answered by a general denial, and specially pleaded that the injury suffered by appellant was caused by his own negligence, that he assumed the risk, and that the injury was the result of an unavoidable accident. In response to special issues the jury found that appellee had furnished a reasonably safe place for plaintiff to work at the time he received his injury; that a reasonably prudent person, under the circumstances, would not have attempted to handle the timber as appellant did; that appellant was guilty of negligence in handling the timber as he did handle same, and that said negligence on the part of appellant was the proximate cause of the injury; that appellant was guilty of contributory negligence which caused his injury; that the foreman of appellee was not guilty of negligence in directing appellant to do the work in the manner in which he was performing same; that the injury received by appellant was the result of the risk of his employment, which was assumed by him, and further found that the injury was the result of an accident. The jury found that, if appellant was entitled to recover any sum of money, he should recover $500. The jury

found that appellee was guilty of negligence in not giving intelligible instructions to appellant for doing the work, but found that the same was not the cause of the injury. Based on the findings of the jury, the trial court entered judgment against appellant.

[1] Appellant presents four propositions in his brief, his main contentions being that, since the jury found he had been damaged to the extent of $500, the court should have entered judgment for him for said amount, regardless of any of the other findings; and further, that the findings of the jury were in such conflict the court should not have entered any judgment thereon, but should have set the findings aside and ordered a new trial because of said conflicts. Appellant's contention with reference to the conflicts in the jury's findings is that, since the jury found that appellant was guilty of contributory negligence which caused his injury, and that appellee was guilty of negligence, which it found was not the cause of the injury, and then found that the injury was the result of an accident, said findings are in conflict. We overrule this contention.

[2, 3] It is the universal holding of our courts that where the essential findings of the jury required for the court to enter judgment are in such conflict that one finding destroys the other, and therefore amount to no finding at all, the trial court should refuse to enter a judgment and should declare a mistrial. Texas Electric Railway v. Burt (Tex. Civ. App.) 272 S. W. 255, and authorities there cited; Mayo v. Ft. W. & D. C. Ry. Co. (Tex. Civ. App.) 234 S. W. 937; Austin v. McShane, 289 S. W. 705. In order, however, for there to be such a conflict in the findings of the jury that a judgment cannot be entered, it must appear from the answers to certain issues one party would be entitled to judgment, and under the answers to other issues he would not be and the other party would be entitled to judgment. The mere fact that there may be inconsistencies in the findings of the jury, or that the jury may have found a number of different issues favorably to one party which might apparently be in conflict, would not authorize the trial court to refuse to enter a judgment on said findings, if, as a matter of law, under no phase of the findings of the jury and in no contingency could any other judgment be entered.

[4, 5] Where the jury on the controlling issues finds the facts and there is no contradictory finding, the trial court should enter judgment in conformity with the jury's findings. Cortimeglia v. Davis, 116 Tex. 412, 292 S. W. 875; Miller v. Lemm (Tex. Civ. App.) 276 S. W. 211; Deal v. Craven (Tex. Com. App.) 277 S. W. 1046; Harris v. Western Union Telegraph Co. (Tex. Civ. App.) 281 S. W. 877; Liverpool & London & Globe Ins. Co. v. Cabler

(Tex. Civ. App.) 271 S. W. 441. The jury, in answer to the special issues submitted in this case, found each of them against appellant. Under no phase of the case, according to the jury's findings, was appellant entitled to a judgment. The jury found that appellee was not guilty of any negligence which caused the injury; that the negligence of appellant caused his injury; that appellant was guilty of contributory negligence; that the injury received was the result of the risk of his employment, which appellant assumed; and that the injury was the result of an unavoidable accident. The jury having found for appellee on each of the controlling issues, it was entitled to a judgment in its favor.

[6] Appellant's contention that he was entitled to a judgment for the $500 is untenable. The effect of the jury's finding was that, if appellant, according to law, was under its findings entitled to recover, the amount of his damages would be $500. Since as a matter of law, under the findings of the jury, appellant was not entitled to recover any sum, the court was not in error in refusing to render judgment for appellant for said amount.

Appellant does not attack the findings of the jury as being unsupported by the evidence. The cause seems to have been fairly tried, and the findings of the jury are amply supported by the testimony. We have examined all of appellant's assignments of error and propositions thereunder, and same are overruled.

The judgment of the trial court is affirmed.