SOUTHWEST BITULITHIC CO. v. DICKEY.

No. 693.

Court of Civil Appeals of Texas. Eastland.

May 2, 1930.

Rehearing Denied May 30, 1930.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

Kirby, King & Overshiner, of Abilene, for appellee.

LESLIE, J.

The plaintiff, William Dickey, filed this suit in the county court of Taylor county, alleging that he was the owner of a Studebaker car, and that, when driving eastward in a careful and prudent manner on the Bankhead highway in said county, he encountered an obstruction on the highway, thereby damaging his car in the sum of $950. He alleged the defendant was liable to him for the damages, for the reason that it was engaged in constructing a concrete road on said highway between Abilene and Merkel, and had constructed a barrier or obstruction, consisting of posts and lumber, across the road, and that at the time of his injuries there were no lights or flares burning on the highway at or near the barrier or obstruction to warn him of the presence of danger. The particular acts of negligence relied upon for recovery were alleged to be the defendant's failure in not having lights on or about the obstruction to disclose its presence and in failing to keep such lights, if any, burning as a warning.

The defendant answered by general demurrer, general denial, and pleaded contributory negligence in the way and manner plaintiff drove his automobile and approached the obstruction. Upon a trial before the court and jury the case was submitted upon special issues, the answers to which form the basis of the judgment in favor of plaintiff, and from which the defendant prosecutes this appeal.

■ Before passing upon the merits of the appeal, we will dispose of certain objections urged by appellee to a consideration of the appellant's brief. It is claimed that the assignments of error were not filed in the trial court as required by article 1844, R. S. 1925. A motion for new trial was filed by appellant, and in its brief it has adopted as its assignments of error the first, second, third, and ninth grounds of the motion for new trial. There can be no legal objections to this method of calling the alleged errors to this court's attention, and appellee's motion to dismiss the appellant's appeal for this reason is overruled.

By the next objection the appellee presents that said assignments are too general to warrant consideration. We are of the opinion that they contain all the elements essential to proper assignments as prescribed by our Supreme Court in an opinion by Justice Gaines in the case Clarendon Land Investment Company v. McClelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105.

■ It is further objected that assignment of error No. 2 is at variance with the second ground of the motion for new trial, and therefore should not be considered. The assignment contains the exact words of the second ground in the motion for new trial, but, in addition thereto, the maker of the brief has subjoined a reason why the action of the court was error. Without the reason thus assigned we regard the second ground of the motion for new trial as a good assignment, and, rather than reject it because of the added reason why the action of the court was error, it would be more correct to reject the reason assigned by the appellant as mere surplusage to a proper assignment. As said in the authority above, where an assignment of error is sufficiently specific to enable the court to see that a particular ruling is complained of, it should be held good, although it should fail to state the reason why such ruling is claimed to be erroneous. This objection is overruled.

The appellee further challenges the sufficiency of the appellant's propositions to deserve consideration, the complaint being that they, too, like the assignments, are too general, and fail therein to comply with the rules

of briefing. Since we do not minimize the importance of correct briefing, we have carefully examined these contentions, as well as the others directed at the appellant's method of briefing this case, but, after so doing, we are unable to conclude that there has been any material violation of the rules of briefing, and the contentions are overruled.

The case was submitted to the jury upon special issues and instructions connected therewith. Proper definitions of negligence and proximate cause preceded the issues. The jury found that the defendant negligently failed to have a light burning at the barricade at the time of the collision of the plaintiff's car, that such negligence proximately caused the injury to the same, and in answer to other issues ascertained the amount of damages. The court then defined contributory negligence as follows: "You are instructed that by the term 'contributory negligence' as hereinafter used, is meant negligence on the part of the person injured, combining and concurring with negligence of the person inflicting the injury complained of, and contributing to such injury, *and but for which the injury would not have occurred.*" (Italics ours.)

Following this definition question No. 5 was propounded to the jury. It is as follows: "Bearing the foregoing instruction in mind, you will answer this question: Was the plaintiff guilty of contributory negligence in the way and manner in which he approached the barricade?" To this question the jury answered: "Yes."

Then follows question No. 6, as follows: "If you have answered Question No. 5, 'yes,' then answer this question: Was such contributory negligence the proximate cause of the collision of plaintiff's car with the barricade?" To this the jury answered: "No."

By proposition 3 the appellant contends that the jury's answers to issues 5 and 6, respectively, are contradictory, and afford no basis for the judgment, and that the court, in sustaining appellee's motion for a judgment on the verdict, committed an error for the reason assigned. Believing this to be the controlling proposition arising on the appeal, it will be first disposed of.

By an inspection of issue No. 5 it is at once apparent that, when considered in connection with the preceding definition of contributory negligence, it fully comprehends the element of proximate cause, and the answer of the jury thereto is a clear and positive finding that, but for such negligence of the plaintiff, "the injury would not have occurred." For some reason the court, in addition to issue No. 5 and the definition of contributory negligence made a part thereof, propounded question No. 6 above set out. The jury, by its answer to that question, found that the contributory negligence of the plaintiff was not the proximate cause of the collision of plaintiff's car with the barricade. In so doing we believe the jury gave contradictory answers upon the important issue of proximate cause, and the findings thereby destroyed each other as the basis for a judgment upon either, and the proposition under consideration will be sustained and the judgment set aside. In support of our conclusions here expressed, the following authorities are cited: Texas Refining Co. v. Alexander (Tex. Civ. App.) 202 S. W. 131; Northern Texas Traction Co. v. Armour (Tex. Civ. App.) 290 S. W. 544; Garlitz v. I.-G. N. Ry. Co. (Tex. Civ. App.) 11 S.W.(2d) 591; Stoker v. Fugitt (Tex. Civ. App.) 102 S. W. 743; H. O. & R. Co. v. Strauss (Tex. Civ. App.) 243 S. W. 828.

We recognize the rule as stated in the case of First National Bank v. Rush (Tex. Com. App.) 246 S. W. 349, 353, cited by appellee, that: "All the issues must be considered together as a whole. If, when construed as a whole, they admit of more than one reasonable construction, the trial court has power to apply that reasonable construction which he deems proper. Elder, Dempster & Co. v. Weld-Neville Co. (Tex. Com. App.) 231 S. W. 102."

But the sentence next following the rule above and stating a principle of equal importance is: "If they [answers to issues] are conflicting and one finding destroys another, then the verdict will not support a judgment upon either finding, and it must be set aside."

It is also well understood that it is the court's duty to reconcile apparent conflicts in the answers on special issues if it can be reasonably done in the light of the pleadings and evidence, as stated in Graham v. Hines (Tex. Civ. App.) 240 S. W. 1015, and the authorities there cited.

We have studied this record in the light of these rules and principles as discussed and applied in the authorities cited by the appellee, but we do not believe the rules announced can be so applied as to harmonize the verdict in the instant case, thereby making same a sufficient basis for the judgment rendered. It will serve no useful purpose to prolong the opinion by a discussion of this phase of the case, and we content ourselves by resting our decision upon the above authorities.

A consideration of the testimony convinces us that the court did not err in refusing defendant's request for a peremptory instruction upon the ground that the plaintiff was guilty of contributory negligence as a matter of law, and proposition No. 1 is overruled. The reasons which have been given for sustaining proposition No. 3 are sufficient to justify the action of the court in overruling the defendant's motion for a judgment on the verdict which has been specifically discussed and found to be contradictory. Such con-

flicting findings could not afford a basis for a judgment for either litigant, and proposition 2 is overruled.

■ Appellant's fourth proposition, we think, should be sustained. In the course of the trial, the plaintiff testified that, at the time and place of the accident, it was drizzling rain and the road was slick, that further west on that evening it rained as plaintiff left Big Spring, and that it sprinkled all the way along the highway over which he approached the place of the accident. As bearing upon the weather conditions and the state of precipitation, the appellant sought to show by the weather reports in the custody of the witness, Green, that at Big Spring, Colorado, and Sweetwater, localities along the route, there was no precipitation as claimed by plaintiff. The testimony was tendered for impeachment purposes and to show that there was no reason under the weather conditions why the plaintiff could not have stopped the car before running into the barricade. The testimony was excluded upon the objection that it was hearsay. The witness, Green, was the official weather observer at Abilene and the official custodian of the records relating to the weather conditions at and in the vicinity of the accident and at other stations in Texas, including those above mentioned, and through which the plaintiff passed as he proceeded on his journey to the place of the accident. The witness was not the observer at Colorado, Big Spring, or Sweetwater, but he held copies of weather reports and observations made at these and other points throughout the state, the same being furnished him from the government's climatalogical center in the state, at Houston, Tex. These observations and reports were made, collected, and furnished under the system adopted by the Department of Agriculture at Washington, and they came from persons whose public duty it was to note and record truly the facts stated therein. The reports being thus produced through the proper custodian and duly authenticated, it was error for the court to exclude such testimony, as may be seen from the following authorities: Wheeler v. Fidelity & Casualty Co., 298 Mo. 619, 251 S. W. 924; Hurley v. Ill. Cent. Ry. Co., 221 Mo. App. 478, 282 S. W. 97; Jones on Evidence (3d Ed.) § 508, p. 793; 22 C. J. p. 801, § 914; 10 R. C. L. p. 1129, § 336.

In the last authority the rule is stated thus: "It is well settled that records kept by the weather bureau or signal service, or by public officers who are required to keep such records as part of their official duty, are admissible in evidence as to the condition of the weather at a certain time and place, as they come within the rule which admits in evidence official registers or records kept by persons in public office, in which they are required, either by statute or by the nature of their office, to write down particular transactions occurring in the course of their public duties or under their personal observation. Indeed, on the question as to the condition of the weather on a particular day, more weight is usually given to the records of the weather bureau than to the testimony of witnesses who must depend merely upon their memory."

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.